533 S.E.2d 685

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Lorie Ann McGUIRE, Defendant Below, Appellant.**

No. 27258.

Supreme Court of Appeals of West Virginia.

Submitted May 23, 2000.

Decided June 27, 2000.

Dissenting Opinion of Justice Starcher July 19, 2000.

Scott F. Reynolds, Esquire, Prosecuting Attorney, Moundsville, West Virginia, Attorney for Appellee.

Wray V. Voegelin, Esquire, Cassidy, Myers, Cogan, Voegelin & Tennant, Wheeling, West Virginia, Attorney for Appellant.

SCOTT, Justice:

This case is before the Court upon the appeal of Lorie Ann McGuire from the August 9, 1999, final order of the Circuit Court of Marshall County, West Virginia, denying the Appellant's request for credit for time served on home incarceration as a condition of post-conviction bail. The only issue raised on appeal is whether an offender is entitled, as a matter of right, to receive credit toward a sentence of imprisonment for the period of time during which such offender was on home incarceration as a condition of post-conviction bail. Based upon a review of the record, the parties' briefs and arguments, as well as all other matters submitted before this Court, we affirm the lower court's decision.

## I. FACTS

On February 13, 1995, the Appellant was arrested and charged with the murder of her newborn child. She was ultimately convicted of voluntary manslaughter following a jury trial, and her conviction was affirmed by this Court on appeal. See State v. McGuire, 200 W.Va. 823, 490 S.E.2d 912 (1997) ("McGuire I"). Relevant to the issue at hand, the Appellant sought and was ultimately granted pre-trial bail following a favorable ruling by this Court arising out of a petition for writ of habeas corpus ad subjiciendum.[1] In the order granting the Appellant pre-trial bail, this Court stated:

Lorie Ann McGuire, is entitled to, and is hereby permitted to give bond, conditioned upon home confinement under such terms and conditions as are ordinarily imposed in Marshall county, as prayed for before the Clerk of the Circuit Court of Marshall County, and this Court doth fix the penalty of said bond as aforesaid in the amount of One Hundred Fifty Thousand Dollars ($150,000.00), conditioned upon home confinement, with good security to be approved by the Circuit Clerk of Marshall County and conditioned according to law....

Pursuant to this Court's order, the Marshall County Circuit Court granted the Appellant pre-trial bail in the amount of $150,000, conditioned on home confinement with electric monitoring as follows:

[T]o have the electric monitor installed, under the following terms and conditions:

that she shall pay the hook up fee of $50.00 plus $8.00 per day;

that she shall not leave her home except to attend church services, medical services at doctors or hospital, for psychiatric or psychological treatment and to consult with her counsel....

After trial, the Appellant was sentenced to the West Virginia State Penitentiary for Women for a period of ten years and ordered to "serve a minimum of one-fourth (¼) of said sentence prior to her becoming eligible for parole or three (3) years whichever is greater." The circuit court then denied the Appellant's motion for post-conviction bond, pending appeal.

On March 7, 1996, this Court granted the Appellant's summary petition for post-conviction bond pending appeal, "under the same terms and conditions established for petitioner's pre-trial bail." In accordance with this Court's ruling, the lower court once again issued an order granting the Appellant "post-conviction bond under the same terms and conditions as before" and set bond in the same amount as before—$150,000. The Appellant's home incarceration as a condition of post-conviction bail continued until after this Court's affirmance of the Appellant's conviction. Upon this Court's decision, the circuit court ordered that the Appellant be confined at the West Virginia State Penitentiary for Women as previously ordered with credit for time served in the Northern Regional Jail and Pruntytown. The circuit court also denied the Appellant's request for credit for time served on home incarceration as a con-

1. See W. Va.Code § 53–4–1 to –13 (1994) and W.    Va.Code § 62–1C–1(c) (1997).

dition of post-conviction bail, which ruling is the subject of the present appeal.

## II. ISSUE

As previously mentioned, the only issue before the Court is whether the Appellant is entitled to receive credit on her sentence for time served on home incarceration as a condition of post-conviction bail. The Appellant argues that she was originally denied credit by this Court in *McGuire I* for time she spent on pre-trial home incarceration, because she was not an offender pursuant to the language of the Home Incarceration Act ("Act"), West Virginia Code §§ 62–11B–1 to –12 (1997 & Supp.1999). Thus, the Appellant maintains that because she was clearly an offender at the time she was placed upon post-conviction home incarceration, she is entitled to receive credit on her sentence for time served on home incarceration. Further, the Appellant asserts that had she violated

the conditions of her home incarceration prior to her sentencing, she would have been entitled to such credit pursuant to the provisions of the Act. *See* W. Va.Code § 62–11B–9(c). The Appellee counters the Appellant's argument by asserting that the terms and conditions of the Appellant's home incarceration as a term and condition of her post-conviction bail did not meet all the terms of the Act; therefore, the time spent on home incarceration as a condition of post-conviction bail should not be credited, as a matter of right, and treated as time served on her sentence.

■ At the heart of our discussion are various provisions of the Act, including West Virginia Code § 62–11B–5, which establishes the conditions for a proper order.[2] Because the issue at hand involves an interpretation of a statute, our review is de novo. *See* Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489

2. West Virginia Code § 62–11B–5 sets forth the mandatory statutory requirements as follows:

An order for home incarceration of an offender under section four [§ 62–11B–4] of this article shall include, but not be limited to, the following:

(1) A requirement that the offender be confined to the offender's home at all times except when the offender is:

(A) Working at employment approved by the circuit court or magistrate, or traveling to or from approved employment;

(B) Unemployed and seeking employment approved for the offender by the circuit court or magistrate;

(C) Undergoing medical, psychiatric, mental health treatment, counseling or other treatment programs approved for the offender by the circuit court or magistrate;

(D) Attending an educational institution or a program approved for the offender by the circuit court or magistrate;

(E) Attending a regularly scheduled religious service at a place of worship;

(F) Participating in a community work release or community service program approved for the offender by the circuit court, in circuit court cases; or

(G) Engaging in other activities specifically approved for the offender by the circuit court or magistrate.

(2) Notice to the offender of the penalties which may be imposed if the circuit court or magistrate subsequently finds the offender to have violated the terms and conditions in the order of home incarceration.

(3) A requirement that the offender abide by a schedule, prepared by the probation officer

in circuit court cases, or by the supervisor or sheriff in magistrate court cases, specifically setting forth the times when the offender may be absent from the offender's home and the locations the offender is allowed to be during the scheduled absences.

(4) A requirement that the offender is not to commit another crime during the period of home incarceration ordered by the circuit court or magistrate.

(5) A requirement that the offender obtain approval from the probation officer or supervisor or sheriff before the offender changes residence or the schedule described in subdivision (3) of this section.

(6) A requirement that the offender maintain:

(A) A working telephone in the offender's home;

(B) If ordered by the circuit court or as ordered by the magistrate, an electronic monitoring device in the offender's home, or on the offender's person, or both; and

(C) Electric service in the offender's home if use of a monitoring device is ordered by the circuit court or any time home incarceration is ordered by the magistrate.

(7) A requirement that the offender pay a home incarceration fee set by the circuit court or magistrate. If a magistrate orders home incarceration for an offender, the magistrate shall follow a fee schedule established by the supervising circuit judge in setting the home incarceration fee.

(8) A requirement that the offender abide by other conditions set by the circuit court or by the magistrate.

*Id.*

S.E.2d 738 (1997) (holding that "questions of law and interpretations of statutes and rules" are subject to a de novo review).

We have previously interpreted certain aspects of the Act. For instance, in *State v. Long*, 192 W.Va. 109, 450 S.E.2d 806 (1994), we noted the penal nature of serving time pursuant to the provisions of the Act, stating:

> When the legislature initially adopted the home confinement statute,[3] it stated that it was ". . . another form of incarceration. . . ." W.Va.Code, 62–11B–4(a) (1990). The entire statutory scheme indicates that home confinement is designed to place substantial restrictions on the offender. A violation of these restrictions results in the offender being subject to incarceration under the penalties prescribed for the crime. W.Va.Code, 62–11B–9(b) (1990). The penal nature of home detention is recognized under W.Va.Code, 62–11B–9(b), as it provides credit for time spent in home confinement towards the imposition of any sentence following a violation of home confinement.

*Id.* at 111, 450 S.E.2d at 808 (footnote added and footnotes omitted).

Subsequently, in *State v. Hughes*, 197 W.Va. 518, 476 S.E.2d 189 (1996), we addressed the issue of whether a defendant was entitled to receive credit against his sentence for time served upon home confinement as a condition of bail pending trial. We also explained the difference between home confinement pursuant to the Act and home confinement as a condition of pre-trial bail. We noted that in order for a person to be eligible for credit for time served toward a sentence subsequently imposed, and the person must be an offender within the meaning of the statute.[4] *See* 197 W.Va. at 528, 476 S.E.2d at 199. Further, we inferred that the order allowing for home incarceration must contain the numerous mandatory restrictive burdens enumerated within the Act so that the intent of the circuit court in granting home confine-

ment pursuant to the provisions of the Act is clear. *Id.*

We ultimately held in syllabus points three and four of *Hughes* that:

> Due to the penal nature of the Home Confinement Act, West Virginia Code §§ 62–11B–1 to –12 (1993), when a circuit court, in its discretion, orders an offender confined to his home as a condition of bail, the offender must be an adult convicted of a crime punishable by imprisonment or detention in a county jail or state penitentiary or a juvenile adjudicated guilty of a delinquent act that would be a crime punishable by imprisonment or incarceration in the state penitentiary or county jail, if committed by an adult.
>
> When a person who has been arrested, but not yet convicted of a crime, is admitted to pre-trial bail with the condition that he be restricted to home confinement pursuant to West Virginia Code § 62–1C–2(c) (1992), the home confinement restriction is not considered the same as actual confinement in a jail, nor is it considered the same as home confinement under the Home Confinement Act, West Virginia Code §§ 62–11B–1 to –12 (1993). Therefore, the time spent in home confinement when it is a condition of bail under West Virginia Code § 62–1C–2(c) does not count as credit toward a sentence subsequently imposed.

197 W.Va. at 520–21, 476 S.E.2d at 191–92, Syl. Pts. 3 and 4.

Finally, and of substantial consequence to resolving the instant matter, we revisit our prior decision in *McGuire I*, wherein we resolved the Appellant's request for credit on her sentence for time she spent on home confinement as a condition of pre-trial bail. Applying the law from the *Hughes* decision, we rejected the Appellant's assertion that "because the restrictions placed on her correspond with some of the restrictions under the

---

**3.** The Act was originally referred to as the "Home Confinement Act." In 1994, the Act was redesignated at the "Home Incarceration Act." *See* W. Va.Code § 62–11B–1.

**4.** West Virginia Code § 62–11B–3(3) defines the term "offender" as "any adult convicted of a

crime punishable by imprisonment or detention in a county jail or state penitentiary; or a juvenile convicted of a delinquent act that would be a crime punishable by imprisonment or incarceration in the state penitentiary or county jail, if committed by an adult." *Id.*

Act, her case is distinguishable from *Hughes* and, therefore, she should be awarded credit." *McGuire I,* 200 W.Va. at 839, 490 S.E.2d at 928 (footnote omitted).

Specifically, in denying the Appellant's request in *McGuire I,* we stated that

[f]irst, like *Hughes,* Appellant was not convicted of any offense when she was placed on home confinement. Thus, Appellant was not an "offender" under the Act and the Act did not apply to her. Second, under the facts of this case, we find it inconsequential that the conditions imposed upon Appellant as a part of her home confinement coincided with some of the mandatory requirements as set forth in the Act. A circuit court is granted wide discretion in formulating bail in order to secure " 'the appearance of a defendant to answer to a specific criminal charge. . . .' " *Id.* at 528, 476 S.E.2d at 199 (quoting W. Va.Code § 62–1C–2 (1992); other citations omitted). Here, the circuit court's order basically provided that Appellant was to be electronically monitored, as administered by a probation officer, and Appellant only could leave her house in order to attend church; consult with her attorney; or receive medical, psychiatric, or psychological treatment. Not only does this order fail to cover all the requirements imposed by the Act, but we also find the circuit court clearly acted within its discretion by imposing these basic requirements as part of Appellant's home confinement in order to secure her presence at trial.

200 W.Va. at 839, 490 S.E.2d at 928 (footnotes omitted).

■ What is easily discerned from our prior decisions concerning the Act is the fact that certain essential criteria must be established before a determination can be made that home incarceration was imposed by a circuit court under the provisions of the Act. First, it must be found that the individual upon whom home incarceration was imposed was an offender as that term is defined by the Act. *See* W. Va.Code § 62–11B–3(3); *see also Hughes,* 197 W.Va. at 520, 476 S.E.2d at

191–92. Additionally, when an order imposes home incarceration pursuant to the Act, the order must set forth fully and completely the mandatory requirements of West Virginia Code § 62–11B–5.[5]

■ Accordingly, it is clear that pursuant to the provisions of the Home Incarceration Act, West Virginia Code §§ 62–11B–1 to –12, when an offender is placed on home incarceration as a condition of post-conviction bail, if the terms and conditions imposed upon the offender are set forth fully in the home incarceration order[6] and encompass, at a minimum, the mandatory, statutory requirements enunciated in West Virginia Code § 62–11B–5, then the offender is entitled to receive credit toward any sentence imposed for time spent on home incarceration, whether or not the offender violates the terms and conditions of home incarceration and whether or not the order specifically references the Home Incarceration Act.

■ In the instant case, the Appellant correctly points out that she is now an offender under the provisions of the Act. This requirement of the Act, which the Appellant was lacking in *McGuire I,* however, is but one of the numerous requirements which must be met before the Appellant would be entitled to receive credit on her sentence pursuant to the Act. *See McGuire I,* 200 W.Va. at 839, 490 S.E.2d at 928; Syl. Pt. 3, *Hughes,* 197 W.Va. at 520, 476 S.E.2d at 191–92. The Appellant also argues that the terms and conditions of her home incarceration are actually more restrictive than the minimum terms and conditions provided under the Act, because the order providing for the Appellant's home incarceration did not contain a provision allowing for her release from home confinement for the purpose of seeking employment and attending an educational institution. The Appellant's argument, however, conflicts directly with this Court's decision in *McGuire I.* It was precisely the absence of all of the mandated statutory requirements in the pre-trial order providing for home incarceration which caused this Court to

---

**5.** *See supra* note 2.

**6.** West Virginia Code § 62–11B–5 mandates an order setting forth the statutory requirements for home incarceration.

 

deny her credit for time spent on home incarceration as a condition of pre-trial bail. The terms and conditions we found deficient under the Act in *McGuire I* are the exact same terms and conditions found in the order imposing home incarceration as a condition of post-conviction bail. Thus, the fact remains that the order imposing home incarceration as a condition of post-conviction bail "fail[s] to cover all the requirements imposed by the Act." *Id.* Accordingly, the lower court did not err in refusing, in its discretion, to grant the Appellant credit on her sentence for time spent on home incarceration as a condition of post-conviction bail.[7]

Affirmed.

STARCHER, Justice, dissenting:

(Filed July 19, 2000)

The majority opinion has crafted, in Syllabus Point 3, an excellent rule regarding home incarceration. I dissent because the majority opinion failed to apply the rule it created to the defendant and the facts of this case.

The rule is quite simple: If an "offender" is placed on home incarceration as a condition of post-conviction bail, then the offender is entitled to receive credit toward any sentence imposed for time spent on home incarceration. The language of the Home Incarceration Act specifically, plainly supports the rule adopted by the majority opinion.

The defendant in this case spent 543 days on home incarceration, waiting for this Court to issue an opinion in her case. If she had spent that time in a prison, she would be entitled to "good time" credit, that is, she would have received 2 days credit toward her sentence for every day she spent in a correctional facility. *See W.Va.Code*, 28–5–27 [1984]. By staying locked up in her parents' house she lost this benefit.

The majority opinion concedes that the defendant in this case is an "offender" as defined by the Home Incarceration Act. The majority opinion even concedes that the defendant was placed on home incarceration. The majority opinion then concludes that because the circuit judge's home incarceration order *did not* specifically give the defendant liberties that are within the discretion of the judge and allowed by the Act—like the limited right to go to church or school—then the defendant, for some reason, wasn't really on home incarceration and is therefore not entitled to credit under the Act.

I simply cannot understand the majority's logic. Great rule, poor reasoning, bad result.

I therefore dissent.

7. Given our resolution of this case, we find it unnecessary to address the State's argument that giving the Appellant credit for time spent on home incarceration as a condition of post-conviction bail would thwart the legislative intent of the penalty statute for voluntary manslaughter, which requires a convicted defendant to serve a sentence in the penitentiary before becoming eligible for parole.