# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 11-1763** (Cabell County 07-F-248)

**Danny Aliff,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Danny Aliff, by counsel W. Stephen Flesher, appeals the Circuit Court of Cabell County's "Sentencing Order" entered on December 15, 2011. The State of West Virginia, by counsel Barbara Allen, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 21, 2007, petitioner was indicted on one count of first degree arson, and two counts of attempted first degree murder. Petitioner pled guilty to one count of first degree arson and one count of attempted first degree murder. On August 28, 2009, petitioner was placed on home confinement in lieu of post-conviction bond. Petitioner filed a motion to withdraw his guilty plea.[1] The circuit court denied petitioner's motion to withdraw his guilty plea and sentenced him to fifteen years of incarceration for first degree arson and three to fifteen years of incarceration for attempted first degree murder, to be served concurrently. Petitioner was given credit for time served in jail but not while on home confinement.

Petitioner first argues the circuit court abused its discretion in denying his motion to withdraw his plea because he satisfied all the elements set forth in *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). Petitioner alleges he timely disclosed his desire to withdraw his guilty plea, maintained his innocence with respect to the charge of attempted first degree murder, that the State would not be prejudiced by the delay, that he never admitted to facts supporting the State's attempted first degree murder charge, and the ATF Report photographs do not show the couch in front of the door or any evidence of burning near the door.

The State argues that petitioner agreed with the prosecutor's proffer that he moved the couch in front of the door, thus blocking egress from the apartment and did so knowing that there were occupants in the apartment. Further the State argues that petitioner's counsel acknowledged

---

[1] By agreement, the State considered the motion to be timely filed.

1

the factual basis for the plea, petitioner stated he was satisfied with his attorney's representation and that petitioner had not been forced to enter a plea, and petitioner has failed to offer any evidence of his innocence.

This Court has held that, "a trial court's decision on a motion under Rule 32[e] of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion." Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). This Court finds the circuit court did not abuse its discretion in this matter. The circuit court properly considered the facts and circumstances under the criteria set forth in *Duncil*.

Next, petitioner argues the circuit court erred in refusing to award him credit for post-conviction time spent on home confinement. The State argues that petitioner is not entitled credit for time spent on home confinement in lieu of post-conviction bond because the "Standard Terms and Conditions of Home Confinement" did not include all of the mandatory statutory requirements set forth in West Virginia Code § 62-11B-5.

"Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

This Court has stated as follows:

> Pursuant to the provisions of the Home Incarceration Act, West Virginia Code §§ 62–11B–1 to –12 (1997 & Supp.1999), when an offender is placed on home incarceration as a condition of post-conviction bail, if the terms and conditions imposed upon the offender are set forth fully in the home incarceration order and encompass, at a minimum, the mandatory, statutory requirements enunciated in West Virginia Code § 62–11B–5, then the offender is entitled to receive credit toward any sentence imposed for time spent on home incarceration, whether or not the offender violates the terms and conditions of home incarceration and whether or not the order specifically references the Home Incarceration Act.

Syl. Pt. 3, *State v. McGuire*, 207 W.Va. 459, 533 S.E.2d 685 (2000). Upon our review, this Court finds no error in the circuit court's decision in this matter. As the State noted, the "Standard Terms and Conditions of Home Confinement" entered on September 11, 2009, does not include all of the mandatory statutory requirements set forth in West Virginia Code § 62-11B-5.

For the foregoing reasons, we affirm the circuit court's decision.

Affirmed.

**ISSUED**:  March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II