# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-1294** (Boone County 11-F-66)

**Scott L. Davis,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Scott L. Davis, by counsel Judson C. MacCallum, appeals from the Circuit Court of Boone County's order entered on September 12, 2012, wherein he was returned to the state penitentiary for one to five years with credit for time served. The State, by counsel Jennifer L. Anderson, filed a response. On appeal, petitioner alleges that he is entitled to additional credit for time served on home incarceration while participating in the drug court program.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, petitioner pleaded guilty to child neglect creating a substantial risk of injury. He subsequently was sentenced to one to five years in the state penitentiary. Pursuant to the court's order, petitioner's sentence was suspended and he was placed on supervised probation for sixty months. Two months later, the circuit court revoked petitioner's probation for violating the terms of his probation based on a criminal complaint of petit larceny, and he was placed on home incarceration by order entered August 22, 2011. Petitioner was later sent to jail after spending eighty-seven days of home incarceration.[1]

In December of 2011, petitioner was placed in the drug court program.[2] By order of the circuit court entered on June 6, 2012, petitioner was placed on home incarceration "as a condition of the Drug Court Program."[3] Petitioner's participation in the drug court program was terminated

---

[1] The appendix record does not reflect why home incarceration was discontinued at this time.

[2] It is not clear from the appendix record why petitioner was removed from jail for participation in drug court at this time.

[3] The drug court program, described in West Virginia Code § 62-15-1, *et seq.*, is a program that requires "accountability and rehabilitating treatment, in addition to or in place of,

1

in September of 2012 because he used drugs and failed to follow the terms of the program. By order entered on September 12, 2012, the circuit court reinstated petitioner's incarceration and returned him to the state penitentiary. Petitioner was granted credit for 252 days of time served, eighty-seven of which were served in home incarceration. Petitioner appeals this order, asserting that he spent an additional fifty-four days on home incarceration while participating in the drug court program and those days should have been credited by the circuit court as time served.

As it pertains to the applicable standard of review in this case, this Court has consistently held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

Petitioner argues the trial court erred when it failed to give him credit for time spent on home incarceration in violation of West Virginia Code § 62-11B-4(b), which provides: "The period of home incarceration may be continuous or intermittent, as the circuit court or magistrate court orders. However, the aggregate time actually spent in home incarceration may not exceed the term of imprisonment or incarceration prescribed by this code for the offense committed by the offender." This Court has held:

> Pursuant to the provisions of the Home Incarceration Act, West Virginia Code §§ 62–11B–1 to –12 (1997 & Supp.1999), when an offender is placed on home incarceration as a condition of post-conviction bail, if the terms and conditions imposed upon the offender are set forth fully in the home incarceration order and encompass, at a minimum, the mandatory, statutory requirements enunciated in West Virginia Code § 62–11B–5, then the offender is entitled to receive credit toward any sentence imposed for time spent on home incarceration, whether or not the offender violates the terms and conditions of home incarceration and whether or not the order specifically references the Home Incarceration Act.

Syl. Pt. 3, *State v. McGuire*, 207 W.Va. 459, 533 S.E.2d 685 (2000). Further, "when an order imposes home incarceration pursuant to the Act, the order must set forth fully and completely the mandatory requirements of West Virginia Code § 62–11B–5." 207 W.Va. at 464, 533 S.E.2d at 690.

Here, petitioner disputes only the days he was placed on home incarceration while participating in the drug court program. While petitioner participated in drug court, however, he was not subject to the minimum mandatory requirements in West Virginia Code § 62-11B-5 and therefore did not serve a period of home incarceration pursuant to that statute that would entitle him to credit for time served as described in *McGuire*. Specifically, petitioner's schedule while participating in the drug court program was not prepared by a probation officer, as required in

---

conventional and expensive incarceration. . . ." *Id.* § 62-15-3. "Participation in drug court, with the consent of the prosecution and the court, shall be pursuant to a written agreement." *Id.* § 62-15-4(d). The written agreement for petitioner's drug court participation was not included in the record.

West Virginia Code § 62-11B-5(5), because he was under the supervision of the drug court team;[4] he was not required to pay the home incarceration fee required by West Virginia Code 62-11B-5(7) because the drug court paid his incarceration fees; and the drug court program allows days off for good behavior and performing community service, neither of which are exceptions permitted under the Home Incarceration Act. The Court finds the trial court did not err in denying petitioner credit for time served while serving home incarceration to allow his participation in the drug court program because the circuit court's order did not follow the statutory requirements required to receive such credit.[5]

For the foregoing reasons, the circuit court's September 12, 2012 order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

[4] In addition to a representative from a circuit court probation office, a drug court team includes the drug court judge, the prosecutor, the public defender or a member of the criminal defense bar, a representative from the day report center or community corrections program of the jurisdiction, a law enforcement officer, the drug court coordinator, at least one substance abuse treatment provider, and any other persons selected by the drug court team. W.Va. Code § 62-15-2(6).

[5] We note that the circuit court's August 22, 2011 order that permitted petitioner to serve his first period of home incarceration also did not meet the requirements of West Virginia Code § 62-11B-5. However, the State has not cross-appealed, and we will not disturb the credit that petitioner received for that initial period.