Ketchum, J. Dissenting.  *State v. Jedediah C.*, Case No. 16-1067.

**FILED**
**March 14, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

The circuit court violated the Defendant's rights under the Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution by denying him credit for time served on home incarceration. It is undisputed that the Defendant was subject to all the restrictions placed on offenders under the Home Incarceration Act [W.Va. Code § 62-11B-1 to -13]. Yet, the majority held that he was not entitled to credit for time served simply because his home incarceration was imposed before his conviction, as opposed to after his conviction. The majority's holding is based upon a distinction without a difference, and therefore, I dissent.

We have held that a defendant has a constitutional right, under the Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution, to credit for time served in jail before a conviction against a term of incarceration imposed after conviction. Syl. Pt. 6, *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002). We afford the same treatment to defendants placed on home incarceration after a conviction under the Home Incarceration Act. Syl. Pt. 3, *State v. McGuire*, 207 W.Va. 459, 533 S.E.2d 685 (2000). The reason behind this similar treatment is simple: a person placed on home incarceration after a conviction under the Home Incarceration Act is subject to numerous restrictions under W.Va. Code § 62-11B-5, and thus, home incarceration under the Act is penal.

In this case, the Defendant's term of home incarceration as a condition of pretrial bail was also penal. It is undisputed that he was subject to all of the restrictions placed on defendants after a conviction under the Home Incarceration Act. Thus, his home incarceration was as restrictive on his liberties as a sentence of postconviction home incarceration, which entitles him to credit for time served. Moreover, the circuit court's stated reason behind denying the Defendant credit for time served was the judge's belief that the Defendant had benefitted enough from his plea bargain with the State and that his punishment should not be further shortened by giving him credit for time served.

Yet, the majority relies on a general distinction we have made between home incarceration after a conviction under the Home Incarceration Act and home incarceration as a condition of pretrial bail under W.Va. Code § 61-1C-2. The majority believes that home incarceration as a condition of pretrial bail under W.Va. Code § 61-1C-2 is not penal in nature. The majority stated that: "the purpose of pre-trial bail is not to punish, but rather it acts as security for the appearance of a defendant to answer to the specific criminal charge[.]" (Internal quotations, citations, and emphasis omitted). They

conclude that, because the purpose of home incarceration as a condition of pretrial bail is not penal, a circuit court has discretion under our holding in Syllabus Point 4 of *State v. Hughes*, 197 W.Va. 518, 476 S.E.2d 2d 1889 (1996) and W.Va. Code § 62-11B-11(b) to deny credit for time served while on home incarceration as a condition of pretrial bail.

The majority's reliance on this distinction ignores the fact that the Defendant's pretrial home incarceration was penal, as reflected by the fact that he was subject to the postconviction home incarceration restrictions enumerated in W.Va. Code § 62-11B-5. Thus, the Defendant's pretrial home incarceration was effectively the same as home incarceration after a conviction under the Home Incarceration Act. The restrictions of his home incarceration were not different merely because they were imposed before he was convicted. Yet, the majority draws an artificial line separating his pretrial home incarceration from postconviction home incarceration, in which a defendant is indisputably entitled to credit for time served.

The holding in this case clearly violates the Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution. Our holding in *State v. McGuire*, *supra* should be expanded to clarify that defendants sentenced to home incarceration as a condition of pretrial bail have a constitutional right to credit for time served when they are subject to the restrictions enumerated in W.Va. Code § 62-11B-5.