IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2018 Term

_____

No. 16-1067

_____

FILED

March 14, 2018

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

JEDEDIAH C.,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Jackson County
The Honorable Thomas C. Evans, III, Judge
Criminal Action No. 15-F-46

AFFIRMED

_____

Submitted: February 6, 2018
Filed: March 14, 2018

Kevin B. Postalwait, Esq.               Patrick Morrisey, Esq.
Public Defender Corporation              Attorney General
Ripley, West Virginia                    Benjamin F. Yancey, III, Esq.
Counsel for the Petitioner               Assistant Attorney General
                                         Charleston, West Virginia
                                         Counsel for the Respondent

JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1. "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011).

2. "When a person who has been arrested, but not yet convicted of a crime, is admitted to pre-trial bail with the condition that he be restricted to home confinement pursuant to West Virginia Code § 62-1C-2(c) (1992), the home confinement restriction is not considered the same as actual confinement in a jail, nor is it considered the same as home confinement under the Home Confinement Act, West Virginia Code §§ 62-11B-1 to -12 (1993). Therefore, the time spent in home confinement when it is a condition of bail under West Virginia Code § 62-1C-2(c) does not count as credit toward a sentence subsequently imposed." Syllabus Point 4, *State v. Hughes*, 197 W. Va. 518, 476 S.E.2d 189 (1996).

3. "Pursuant to the provisions of the Home Incarceration Act, West Virginia Code §§ 62-11B-1 to -12 (1997 & Supp. 1999), when an offender is placed on home incarceration as a condition of post-conviction bail, if the terms and conditions imposed upon the offender are set forth fully in the home incarceration order and encompass, at a minimum, the mandatory, statutory requirements enunciated in West Virginia Code § 62-

11B-5, then the offender is entitled to receive credit toward any sentence imposed for time spent on home incarceration, whether or not the offender violates the terms and conditions of home incarceration and whether or not the order specifically references the Home Incarceration Act." Syllabus Point 3, *State v. McGuire*, 207 W. Va. 459, 533 S.E.2d 685 (2000).

4. "'"Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syllabus Point 2, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009).

WALKER, Justice:

Petitioner Jedediah C.[1] sexually molested two minor children—including his son—and attempted to molest a third minor child. He pleaded guilty to sexual abuse by a parent, incest, and attempt to commit a felony. The Circuit Court of Jackson County imposed an effective sentence of sixteen to thirty-eight years and denied Petitioner's request for credit for time served on home incarceration as a condition of pretrial bail. Petitioner contends that he should have received credit for time served on home incarceration and that his sentence was constitutionally disproportionate. We disagree and affirm the circuit court's sentencing order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Between July 2013 and December 2014, Petitioner sexually molested his son and one of his son's friends and attempted to molest another of his son's friends. All three children were minors. Petitioner was indicted on five counts of first-degree sexual assault, five counts of incest, twelve counts of first-degree sexual abuse, fifteen counts of sexual abuse by a parent, and two counts of sexual abuse by a custodian. Following Petitioner's pretrial hearing, he was placed on home incarceration as a condition of

_____

[1] Consistent with our long-standing practice in cases involving sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

pretrial bail, subject to various conditions set forth in the Home Incarceration Program Participation Agreement (home incarceration agreement). Petitioner spent 281 days on home incarceration.

Although Petitioner was facing a thirty-nine-count indictment, the State had concerns about presenting the victims' testimonies at trial due to their emotional difficulties and the nature of the allegations. Thus, Petitioner and the State entered into a plea agreement on April 22, 2016, and a plea hearing was held on that date. Petitioner agreed to plead guilty—pursuant to *Kennedy v. Frazier*[2]—to one count of sexual abuse by a parent, one count of incest, and one count of attempt to commit a felony, a lesser-included offense of first-degree sexual abuse. The other thirty-six counts were dismissed. Petitioner filed a motion requesting that his bond and home confinement be continued until his sentencing date. The circuit court denied Petitioner's motion, rescinding Petitioner's bond and remanding him to jail pending sentencing.

Petitioner subsequently was sentenced to an indeterminate term of not less than ten nor more than twenty years with a fine of $5,000 for the crime of sexual abuse

---

[2] Pursuant to Syllabus Point 1 of *Kennedy*, "An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W.Va. 10, 357 S.E.2d 43 (1987).

by a parent, not less than five nor more than fifteen years and a fine of $5,000 for the crime of incest, and not less than one nor more than three years and a fine of $300 for the crime of attempt to commit a felony. The sentences were ordered to run consecutively. The circuit court denied Petitioner credit for any time served on home incarceration as a condition of pretrial bail on the basis that Petitioner benefited from his plea bargain with the State. Petitioner now appeals the sentencing order entered on October 13, 2016.

## II. STANDARD OF REVIEW

With respect to the standard of review of sentencing orders, this Court has held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)."[3]

## III. ANALYSIS

We first address Petitioner's assertion that the circuit court erred in denying him credit for time served on home incarceration as a condition of pretrial bail. Petitioner argues that the terms of his home incarceration, although a condition of *pretrial bail*, were identical to the terms imposed in *post-conviction* home incarcerations which are

---

[3] Syl. Pt. 1, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011).

3

enumerated in West Virginia Code § 62-11B-5 (2014).[4]

---

[4] West Virginia Code § 62-11B-5 provides:

An order for home incarceration of an offender under section four [§ 62-11B-4] of this article is to include, but not be limited to, the following:

(1) A requirement that the offender be confined to the offender's home at all times except when the offender is:

(A) Working at employment approved by the circuit court or magistrate, or traveling to or from approved employment;

(B) Unemployed and seeking employment approved for the offender by the circuit court or magistrate;

(C) Undergoing medical, psychiatric, mental health treatment, counseling or other treatment programs approved for the offender by the circuit court or magistrate;

(D) Attending an educational institution or a program approved for the offender by the circuit court or magistrate;

(E) Attending a regularly scheduled religious service at a place of worship;

(F) Participating in a community work release or community service program approved for the offender by the circuit court, in circuit court cases; or

(G) Engaging in other activities specifically approved for the offender by the circuit court or magistrate.

(2) Notice to the offender of the penalties which may be imposed if the circuit court or magistrate subsequently finds the offender to have violated the terms and conditions in the order of home incarceration.

(3) A requirement that the offender abide by a schedule, prepared by the probation officer in circuit court cases, or by the supervisor or sheriff in magistrate court cases, specifically setting forth the times when the offender may be absent from the offender's home and the locations the offender is allowed to be during the scheduled absences.

(4) A requirement that the offender is not to commit another crime during the period of home incarceration ordered by the circuit court or magistrate.

(Continued . . .)

4

In *State v. Hughes*[5], this Court explained the distinction between post-

conviction home confinement pursuant to the Home Confinement Act (the Act)[6] and

---

(5) A requirement that the offender obtain approval from the probation officer or supervisor or sheriff before the offender changes residence or the schedule described in subdivision (3) of this section.

(6) A requirement that the offender maintain:

(A) A working telephone in the offender's home;

(B) If ordered by the circuit court or as ordered by the magistrate, an electronic monitoring device in the offender's home, or on the offender's person, or both; and

(C) Electric service in the offender's home if use of a monitoring device is ordered by the circuit court or any time home incarceration is ordered by the magistrate.

(7) A requirement that the offender pay a home incarceration fee set by the circuit court or magistrate. If a magistrate orders home incarceration for an offender, the magistrate shall follow a fee schedule established by the supervising circuit judge in setting the home incarceration fee. The magistrate or circuit judge shall consider the person's ability to pay in determining the imposition and amount of the fee;

(8) A requirement that the offender pay a fee authorized by the provisions of section four [§ 62-11C-4], article eleven-c of this chapter: Provided, That the magistrate or circuit judge considers the person's ability to pay in determining the imposition and amount of the fee; and

(9) A requirement that the offender abide by other conditions set by the circuit court or by the magistrate.

[5] 197 W. Va. 518, 476 S.E.2d 189 (1996).

[6] The Act was originally referred to as the "Home Confinement Act." In 1994, the Act was redesignated as the "Home Incarceration Act." *See* W. Va. Code § 62-11B-1. Because the defendant in *Hughes* was granted bail in August 1993, we relied upon the 1993 version of the Home Confinement Act, West Virginia Code §§ 62-11B-1 to -12 (1993), utilizing the term "home confinement" in that case.

home confinement as a condition of pretrial bail. We found that the Act applies only to post-conviction situations and is penal in nature.[7] We held the Act only applies to "offenders," which are defined in the Act as "any adult *convicted of a crime* punishable by imprisonment or detention in a county jail or state penitentiary; or a juvenile convicted of a delinquent act that would be a crime punishable by imprisonment or incarceration in the state penitentiary or county jail, if committed by an adult."[8] We further concluded that the penal intent of the Act is reflected by the substantial restrictions enumerated in West Virginia Code § 62-11B-5 that are placed on the offender.[9] We observed that an order for home confinement must contain the mandatory, restrictive burdens set forth in West Virginia Code § 62-11B-5 so that the intent of the court in granting home confinement under the Act is clear.[10]

In *Hughes*, this Court distinguished home confinement imposed post-conviction from when it is imposed as a condition of pretrial bail. We specifically noted that "the purpose of *pre-trial bail* is not to punish, but rather it acts as 'security for the

---

[7] *Id*. at 526-27, 476 S.E.2d at 197-98.

[8] *Id*. (emphasis added) (citing W. Va. Code § 62-11B-3). The definition of "offender" remains unchanged in the current version of the Act.

[9] *Id*. at 527, 476 S.E.2d at 198.

[10] *Id.* at 528, 476 S.E.2d at 199.

appearance of a defendant to answer to a specific criminal charge before any court or magistrate at a specific time or at any time to which the case may be continued.'"[11]  Thus, we held that home confinement as a condition of pretrial bail is not the equivalent of incarceration:

> When a person who has been arrested, but not yet convicted of a crime, is *admitted to pre-trial bail* with the condition that he be restricted to home confinement pursuant to West Virginia Code § 62-1C-2(c) (1992), *the home confinement restriction is not considered the same as actual confinement in a jail, nor is it considered the same as home confinement under the Home Confinement Act*, West Virginia Code §§ 62-11B-1 to -12 (1993). Therefore, *the time spent in home confinement when it is a condition of bail under West Virginia Code § 62-1C-2(c) does not count as credit toward a sentence subsequently imposed.* [12]

We observed that "the numerous mandatory restrictions that must be imposed upon an individual granted home confinement under [West Virginia Code § 62-11B-5 of] the Act due its penal nature" are absent from the statutory scheme regarding bail.  Therefore, we concluded that "[t]he absence of substantial restrictions indicates that bail, even with a home confinement restriction, is not the equivalent of incarceration."[13]

---

[11] *Id*. at 527-28, 476 S.E.2d at 198-99 (citations omitted) (emphasis added).

[12] Syl. Pt. 4, *Id.*  We noted that a circuit court is afforded great latitude in formulating bail, as the court may require that bail be in the form of a deposit, a recognizance, or "such other form as the judge of the court that will have jurisdiction to try the offense may determine." *Id.* at 528, 476 S.E.2d at 199 (citing W. Va. Code § 62-1C-2).

[13] *Hughes*, 197 W. Va. at 528, 476 S.E.2d at 199.

7

Four years later, this Court addressed the issue of whether an offender placed on home incarceration as a condition of post-conviction bail is entitled to receive credit for time spent on home incarceration.[14]  In *State v. McGuire*, we held:

> [p]ursuant to the provisions of the Home Incarceration Act, West Virginia Code §§ 62-11B-1 to -12 (1997 & Supp. 1999), when an offender is placed on home incarceration as a condition of *post-conviction bail*, if the terms and conditions imposed upon the offender are set forth fully in the home incarceration order and encompass, at a minimum, the mandatory, statutory requirements enunciated in West Virginia Code § 62-11B-5, then the offender *is entitled to receive credit toward any sentence imposed for time spent on home incarceration*, whether or not the offender violates the terms and conditions of home incarceration and whether or not the order specifically references the Home Incarceration Act.[15]

---

[14] *State v. McGuire*, 207 W. Va. 459, 533 S.E.2d 685 (2000).  In *McGuire*, we utilized the term "home incarceration" rather than "home confinement" following the redesignation of the Act in 1994.

[15] Syl. Pt. 3, *McGuire* (emphasis added).  At the time we decided *McGuire*, West Virginia Code § 62-11B-11 (1999) provided only that

> [h]ome incarceration pursuant to the provisions of this article may be imposed at the discretion of the circuit court or magistrate court as an alternative means of incarceration for any offense. Except for offenses for which the penalty includes mandatory incarceration, home incarceration shall not be considered an exclusive means of alternative sentencing.

8

In so finding, we specifically observed that certain essential criteria must be established before a determination can be made that home incarceration was imposed by a circuit court under the provisions of the Act.[16] We stated:

> *First*, it must be found that the individual upon whom home incarceration was imposed *was an offender* as that term is defined by the Act. *See* W. Va. Code § 62-11B-3(3); *see also Hughes*, 197 W.Va. at 520, 476 S.E.2d at 191-92. *Additionally*, when an order imposes home incarceration pursuant to the Act, *the order must set forth fully and completely the mandatory requirements of West Virginia Code § 62-11B-5*.[17]

Following our decision in *McGuire*, the Legislature amended the Act, making it discretionary as to whether a circuit court grants credit to an offender for time spent on home incarceration as a condition of bail. West Virginia Code § 62-11B-11(b) (2014) now provides that "[u]pon conviction of a person, the circuit court, magistrate court or municipal court *may, in its discretion*, grant credit for time spent on home incarceration as a condition of bail toward any sentence imposed, if the person is found to have complied with the terms of bail."[18]

---

[16] *Id.* at 464, 533 S.E.2d at 690.

[17] *Id.* (emphasis added).

[18] (emphasis added). We observe that because the Act applies to "offenders" only, this reference to "bail" in § 62-11B-11(b) must necessarily refer to post-conviction bail.

Petitioner contends that in his case, the statutory terms and conditions that are imposed on post-conviction home incarceration by West Virginia Code § 62-11B-5 were imposed upon him at the pretrial stage. Thus, although he was not yet an "offender" at the time he was placed on home incarceration, Petitioner maintains that under *Hughes* and *McGuire*, the imposition of those terms and conditions rendered his home incarceration penal, entitling him to credit for that time served. Despite the Legislature's amendment to § 62-11B-11(b) affording the circuit court discretion as to whether to grant credit for time served on post-conviction home incarceration, Petitioner urges this Court to adopt the test in *McGuire* as a bright-line test in determining whether a court abused its discretion in refusing to grant credit for time spent on home confinement under the Act.

Petitioner argues that if not for the condition of home incarceration, he would have been in jail awaiting trial and would have been granted credit for his time spent there.[19] Petitioner alleges that the circuit court's holding creates a system ripe for

---

[19] West Virginia Code § 61-11-24 (2014) provides that

> [w]henever any person is convicted of an offense in a court of this State having jurisdiction thereof, and sentenced to confinement in jail or the penitentiary of this State, or by a justice of the peace [magistrate] having jurisdiction of the offense, such person may, in the discretion of the court or justice [magistrate], be given credit on any sentence imposed by such court or justice [magistrate] for the term of confinement spent in jail awaiting such trial and conviction.

(Continued . . .)

abuse if credit is not given under the circumstances of this case, where the home incarceration order restricts the offender to his home. He contends that home incarceration saves counties money while the offender's liberty is severely restricted with no constitutional protections. We find Petitioner's arguments unavailing.

Critically, Petitioner's home confinement was solely a condition of his pretrial bail; thus, he was not convicted of any offense when he was placed on home confinement. Although Petitioner sought to have his home confinement continued beyond his conviction until his date of sentencing, the circuit court denied his request. Because Petitioner was not an "offender" under the Act, it is not applicable to him. Even if we were to assume, for argument's sake, that the Act applied because Petitioner's home incarceration agreement included the same restrictions as those required by West Virginia Code § 62-11B-5—an assertion for which Petitioner has not provided sufficient evidence[20]—we would find that the circuit court's decision was not an abuse of discretion under West Virginia Code § 62-11B-11(b).

---

In Syllabus Point 6 of *State v. McClain*, 211 W.Va. 61, 561 S.E.2d 783 (2002), this Court held that "[t]he Double Jeopardy and Equal Protection Clauses of the West Virginia Constitution require that time spent in jail before conviction shall be credited against all terms of incarceration to a correctional facility imposed in a criminal case as a punishment upon conviction when the underlying offense is bailable."

[20] Although Petitioner contends, and the State does not dispute, that the rules set forth in his home incarceration agreement are the same as those provided under West

(Continued . . .)

11

Unquestionably, the crimes of repeated sexual assault that Petitioner committed against his young son and his two friends, the details of which have been placed under seal before this Court, are heinous in nature. Petitioner was facing a thirty-nine-count indictment, but was permitted to plead guilty to only three counts, one of which was reduced to a lesser-included offense, due to the State's concern about presenting victim testimony at trial due to the victims' emotional difficulties. During the sentencing hearing, the circuit court acknowledged that the plea agreement was "really right on the edge of what would be ordinarily accepted by the [c]ourt, . . . because it [was] such a lenient plea bargain to the [Petitioner]," given the nature of the crimes at issue and the details presented by the State regarding the long-lasting traumatic effects that the abuse has had on the minor victims. Thus, in denying Petitioner credit for time spent on home incarceration at the sentencing hearing, the circuit court stated:

> Sentences to be served consecutively, no credit for home confinement because I believe this man's benefited from his plea bargain to the extent that -- its just -- in my judgment, it's just not suitable to give him credit for home confinement spent on pre-trial release condition.

While Petitioner argues that the sentence was an abuse of discretion based upon his "prior lack of any real significant criminal history," age, employment history, and background, the facts of this case demonstrate otherwise. The mere fact that

---

Virginia Code § 62-11B-5, Petitioner failed to provide a complete copy of the agreement in the appendix for this Court's review.

Petitioner was able to comply with the terms of his home incarceration is insufficient to warrant credit for pretrial home incarceration. As the circuit court observed at the sentencing hearing, Petitioner has neither admitted guilt during the course of these proceedings nor ever shown remorse for his conduct. For these reasons, we conclude that in accordance with *Hughes*, the circuit court properly refused to grant the Petitioner credit for time served on home incarceration.

Finally, with respect to Petitioner's blanket assertion that his sentence is disproportionate to the nature of the offense because he was denied credit for time served on home incarceration, we likewise conclude that this issue has no merit. Petitioner's sentences for the crimes of sexual abuse by a parent, incest and attempt to commit a felony are within statutory limits and Petitioner fails to assert that they were based on any impermissible factor.[21] "'Sentences imposed by the trial court, if within statutory limits

---

[21] Pursuant to West Virginia Code § 61-8D-5(a) (2014), an individual convicted of sexual abuse by a parent "shall be imprisoned in a correctional facility not less than ten nor more than twenty years, or fined not less than $500 nor more than $5,000 and imprisoned in a correctional facility not less than ten years nor more than twenty years." An individual convicted of incest "shall be imprisoned in the penitentiary not less than five years nor more than fifteen years, or fined not less than five hundred dollars nor more than five thousand dollars and imprisoned in the penitentiary not less than five years nor more than fifteen years." W. Va. Code § 61-8-12(c) (2014). Finally, the penalty for attempt to commit a felony in this instance is "either . . . imprison[ment] in the penitentiary for not less than one nor more than three years, or . . . confine[ment] in jail not less than six nor more than twelve months, and [a fine] not exceeding five hundred dollars." W. Va. Code § 61-11-8(2) (2014).

13

and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)."[22]  We conclude that Petitioner's sentence should be affirmed.

## IV.  CONCLUSION

For the foregoing reasons, the October 13, 2016 sentencing order of the Circuit Court of Jackson County is affirmed.

Affirmed.

---

[22] Syl. Pt. 2, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009); *see also State v. Sugg*, 193 W. Va. 388, 406, 456 S.E.2d 469, 487 (1995) ("As a general proposition, we will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute.").