# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-0814**  (Jefferson County 16-F-56)

**Gerald R.,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gerald R.,[1] by counsel J. Daniel Kirkland, appeals the August 20, 2018, order of the Circuit Court of Jefferson County that sentenced him to one to five years in prison upon his guilty plea to one count of sexual assault in the third degree. The State of West Virginia, by counsel Benjamin F. Yancey, III, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 19, 2016, a Jefferson County Grand Jury returned a sixteen-count indictment against petitioner charging him with eight counts of third-degree sexual assault and eight counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust to a child. Petitioner, who was then fifty years old, was accused of having a sexual relationship with the daughter of a former girlfriend. The victim was fourteen years old.

On February 23, 2018, petitioner entered a guilty plea (under *Alford/Kennedy* circumstances[2]) to one count of third-degree sexual assault. In exchange, the State agreed to

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2] Relying on *North Carolina v. Alford*, 400 U.S. 25 (1970), this Court held in syllabus point one of *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987), that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even

dismiss the remaining counts of the indictment and not to file a recidivist action. (Petitioner was previously convicted of second-degree arson, aggravated robbery, and malicious assault/malicious wounding.) The plea agreement further provided that sentencing will be at the discretion of the circuit court; that "the [c]ourt will not be bound at sentencing"; and that "both the State and [petitioner] will remain free to argue for any lawful sentence." Finally, the plea agreement noted that the conviction will require petitioner to register for life as a sex offender.

On August 20, 2018, following a sentencing hearing at which the victim and her mother both gave impact statements, the circuit court denied petitioner's request for home incarceration and sentenced him to one to five years in prison, with sixty-four days of credit for time served in jail prior to his conviction and for time served on post-conviction home incarceration. The court did not give petitioner credit for the 1,024 days he served on home incarceration as a condition of bail. Petitioner was also sentenced to thirty-five years of supervised release and ordered to register for life as a sex offender. It is from this sentencing order that petitioner now appeals.[3]

Sentencing orders are reviewed "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, in part, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011). Moreover, this Court has held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that the circuit court abused its discretion in sentencing him to one to five years in prison and refusing to give him credit for time served on pre-conviction home incarceration. He acknowledges that his sentence is within statutory limits, but contends that it was based upon an impermissible factor. According to petitioner, the circuit court failed to give appropriate weight to the fact that petitioner fully complied with the conditions of home incarceration and, instead, focused primarily on deterring prospective sex offenders in determining his sentence. The court stated, during the sentencing hearing, that "what is in the best interest of the community is not to send a message to any prospective child sex offenders that if they commit a sex offense in this county that they are going to be likely to receive any form of home incarceration or probation from the [c]ourt." Petitioner argues that the circuit court abused its discretion in failing to take into account the particular facts of his case.

We find no error. It is clear that, during the course of the sentencing hearing, the circuit

---

though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."

[3] Petitioner filed his notice of intent to appeal the August 20, 2018, sentencing order on September 20, 2018. On December 13, 2018, he filed a motion for reconsideration of his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied that motion by order entered on January 3, 2019. To the extent petitioner seeks to also challenge the order denying his Rule 35(b) motion in the present appeal, we find that that order is not presently before the Court.

court carefully considered several relevant factors in determining petitioner's sentence. In addition to deterrence, the court noted its concern that petitioner was fifty years old and the victim only fourteen; that the victim had previously been sexually abused by someone else and that petitioner knew about it before committing similar abuses himself; and that petitioner had a criminal history consisting of serious offenses, including second-degree arson, aggravated robbery, and malicious assault/malicious wounding. Additionally, the circuit court considered the impact statements given by the victim and her mother, concluding that both the victim and her family have been "deeply affected" by petitioner's crimes. Finally, the court indicated that a prison sentence would ensure that petitioner would not soon victimize another child. Given these facts, this Court concludes that petitioner's claim that his sentence was based upon an impermissible factor is without merit.

Petitioner also argues that the circuit court erred in failing to award him credit for time served on home incarceration prior to his conviction as a condition of bail. He contends that he was entitled to such credit under West Virginia Code § 62-11B-11(b), which provides that "[u]pon conviction of a person, the circuit court . . . may, in its discretion, grant credit for time spent on home incarceration as a condition of bail toward any sentence imposed, if the person is found to have complied with the terms of bail." According to petitioner, his home incarceration supervisor specifically noted that petitioner was "very compliant" with the terms and conditions of his pre-conviction home incarceration, including passing all thirty random drug screens and having no curfew violations. Petitioner contends that it was an abuse of the court's discretion to refuse to credit that time in sentencing.

We find no error. In *State v. Jedediah C.*, 240 W. Va. 534, 814 S.E.2d 197 (2018), *cert. denied*, 139 S.Ct. 822 (2019), we reiterated that home incarceration (formerly referred to as "home confinement") imposed post-conviction differs from that which is imposed as a condition of pre-trial bail. Post-conviction home incarceration is penal while "the purpose of *pre-trial bail* is not to punish, but rather it acts as 'security for the appearance of a defendant to answer to a specific criminal charge . . . at a specific time or at any time to which the case may be continued.'" 240 W. Va. at 538, 814 S.E.2d at 201 (quoting *State v. Hughes*, 197 W. Va. 518, 527-28, 476 S.E.2d 189, 198-99 (1996)). We thus held that

> "[w]hen a person who has been arrested, but not yet convicted of a crime, is admitted to pre-trial bail with the condition that he be restricted to home confinement pursuant to West Virginia Code § 62-1C-2(c) (1992), the home confinement restriction is not considered the same as actual confinement in a jail, nor is it considered the same as home confinement under the Home Confinement Act, West Virginia Code §§ 62-11B-1 to -12 (1993). Therefore, the time spent in home confinement when it is a condition of bail under West Virginia Code § 62-1C-2(c) does not count as credit toward a sentence subsequently imposed." Syllabus Point 4, *State v. Hughes*, 197 W. Va. 518, 475 S.E.2d 189 (1996).

*Jedediah C.*, 240 W. Va. at 535, 814 S.E.2d at 198, syl. pt. 2.[4] Accordingly, we conclude that the

---

[4] In *Jedediah C.*, we "observe[d] that because [West Virginia Code §§ 62-11B-1 to -12] applies to 'offenders' only, [the] reference to 'bail' in § 62-11B-11(b) must necessarily refer to post-conviction bail." 240 W. Va. at 539 n.18, 814 S.E.2d at 202 n.18.

circuit court did not abuse its discretion in denying petitioner credit for time served while on home incarceration imposed as a condition of pre-trial bail.

For the foregoing reasons, we affirm the circuit court's sentencing order entered on August 20, 2018.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison