# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0318** (Preston County 13-F-42)

**Jackie S.,**
**Defendant Below, Petitioner**

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jackie S., pro se, appeals the Circuit Court of Preston County's February 13, 2018, order denying his motion for reduction of sentence under Rule 35(b) of the West Virginia Rule of Criminal Procedure.[1] The State of West Virginia, by counsel Julianne Wisman, filed a response and a supplemental appendix. Petitioner filed a reply. On appeal, petitioner argues that the circuit court abused its discretion by denying his Rule 35(b) motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2013, petitioner was indicted on twelve counts of incest and eight counts of sexual abuse by a parent, guardian, or custodian. In July of 2015, petitioner entered into an *Alford*[2] plea to one count of sexual abuse by a parent, guardian, or custodian. Ultimately, the circuit court, by order dated July 23, 2015, sentenced petitioner to an indeterminate sentence of ten to twenty years of incarceration with twenty years of extended supervised release and a lifetime requirement to register as a sex offender. Petitioner appealed the sentencing order and this Court affirmed the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]*North Carolina v. Alford*, 400 U.S. 25 (1970).

1

circuit court's ruling. *See State v. Jackie S.*, No. 15-0985, 2017 WL 75946 (W. Va. Jan. 9, 2017)(memorandum decision).

In August of 2015, petitioner filed a "Motion for Reduction of Sentence" under Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court held a hearing on that motion in December of 2015 and, ultimately, denied the motion by order entered December 11, 2015. Petitioner did not appeal this order.

In February of 2018, petitioner filed a second Rule 35(b) motion. The circuit court denied this motion, by order dated February 13, 2018, finding that petitioner filed the motion outside of the 120-day time limit set forth in Rule 35(b) and failed to articulate sufficient grounds as to why the sentence should be modified or reduced. It is from the February 13, 2018, order that petitioner now appeals.

We have previously held that:

"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016).

On appeal, petitioner asserts two assignments of error regarding the underlying sentencing order and a third assignment of error related to the circuit court's denial of his first Rule 35(b) motion.[3] Petitioner asserts no assignment of error regarding the circuit court's order denying the instant Rule 35(b) motion. In regard to our review of a circuit court's order denying a Rule 35(b) motion, we have held that "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 3, in part, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016) (internal citation omitted). Further, "Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion." *Id.* at 128, 792 S.E.2d at 627 (quoting *State v. Marcum*, 238 W. Va. 26, 31, 792

---

[3]Specifically, petitioner argues that the circuit court erred "by making medical stances indicative of practicing medicine in violation of W. Va. Code § 30-3-13 and State v. Sanders, resulting into [sic] invalid sentence negotiation;" the State abused its discretion in "bleaching [sic] the plea agreement when it acted outside the parameters of the plea;" and the circuit court abused its discretion in ignoring the opinion of petitioner's evaluating physician during his first Rule 35(b) hearing.

2

S.E.2d 37, 42 (2016)). Consequently, we will not consider petitioner's arguments challenging his conviction, the validity of his sentence, or his prior Rule 35(b) motion.

Moreover, even if petitioner challenged the propriety of the denial of his second Rule 35(b) motion, we find no error due to the untimeliness of the motion. Rule 35(b) provides that

> [a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals . . . dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation.

In Syllabus Point 2 of *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017), we made clear that "[a] circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule." Accordingly, because petitioner's Rule 35(b) motion was filed more than 120 days after the circuit court imposed sentence and after this Court issued its mandate in *State v. Jackie S.*, we find no error.

For the foregoing reasons, the circuit court's February 13, 2018, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

**ISSUED**: September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison