IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2016 Term

No. 15-0958

FILED

October 26, 2016

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

PATRICK SHAWN COLLINS,
Defendant Below, Petitioner

Appeal from the Circuit Court of Gilmer County
The Honorable Jack Alsop, Judge
Criminal Action No. 12-F-5

AFFIRMED

Submitted: October 12, 2016
Filed: October 26, 2016

George Castelle, Esq.                          Patrick Morrisey, Esq.
Senior Counsel                                 Attorney General
Kanawha County Public                          Gordon L. Mowen, II, Esq.
    Defender Office                            Assistant Attorney General
Charleston, West Virginia                      Charleston, West Virginia
Counsel for the Petitioner                     Counsel for the Respondent.

JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

2.      "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 10, *State v. Payne*, 225 W. Va. 602, 694 S.E.2d 935 (2010).

3.      "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, No. 15-0696, 2016 WL 5957386, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. Oct. 11, 2016).

Workman, Justice:

This case is before the Court upon the appeal of the September 14, 2016, order denying the Petitioner Patrick Shawn Collins's motion for sentence reconsideration filed pursuant to West Virginia Rule of Criminal Procedure 35(b) (also referred to as "Rule 35(b) or "Rule 35(b) motion"). The Petitioner argues that the circuit court abused its discretion when it denied the Petitioner's motion to reduce his sentence.[1] Based upon our review of the parties' briefs and oral arguments, the appendix record, and all other matters before the Court, we affirm the circuit court's denial of the Petitioner's Rule 35(b) motion.

## I. Facts and Procedural History

The Petitioner, who was twenty years old at the time, was initially charged with sexual assault in the third degree[2] for engaging in sexual intrusion with a girl, who was

---

[1]This issue was the only issue raised in the Petitioner's pro se petition for appeal filed with the Court. On June 27, 2016, when the Court set the case for oral argument on the Rule 19 docket, we ordered that counsel be appointed for the Petitioner and that the parties file "supplemental briefs." George Castelle was appointed to represent the Petitioner and in the supplemental brief he filed with the Court on the Petitioner's behalf, in addition to the error regarding the circuit court abusing its discretion, two assigned errors concerning alleged constitutional violations were raised. For reasons set forth more fully in section III. B. of this opinion *infra*, we do not address these two additional assigned errors concerning alleged constitutional violations.

[2]*See* W. Va. Code 61-8B-5 (2014) (setting forth elements of sexual assault in the third degree as "[t]he person, being sixteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is less than sixteen years old and who is at least
(continued...)

1

fourteen years old at the time of the alleged act.[3]  The Petitioner pled guilty to the misdemeanor crime of sexual abuse in  third degree in violation of West Virginia Code § 61-8B-9 (2014),[4] on August 18, 2006, in the Magistrate Court of Lewis County.  The Petitioner was sentenced to the maximum statutory term of ninety days in jail, including credit for time served.  The Petitioner was also required to register as a sexual offender for life pursuant to West Virginia Code § 15-12-4(a)(2)(E) (2014) of the West Virginia Sex Offender Registration Act ("the Act").[5]  *See* W. Va. Code §§ 15-12-1 to -10 (2014).  The Petitioner did not appeal his conviction or sentence imposed by the magistrate court.  On October 12, 2006,

---

[2](...continued)
four years younger than the defendant and is not married to the defendant.").

[3]The Petitioner, in his reply brief, claims that he engaged in sexual foreplay with the girl.  The criminal complaint indicates that the Petitioner

> fondled the breasts and kissed the breasts of the victim who is the defendant['s] 14 year old cousin. The defendant also unbuttoned the victim's blue jeans and placed his hand down her pants.  At this time the defendant placed one finger up to the first knuckle into the vaginal lips of the victim. The defendant['s] finger penetrated the victim for approximately 15 minutes.  The defendant is 20 years old.

[4]*See* W. Va. Code § 61-8B-9 (involving sexual contact without consent, "when such lack of consent is due to the victim's incapacity to consent by reason of being less than sixteen years old.").

[5]West Virginia Code § 15-12-4(a)(2)(E) provides that "[a] person required to register under the terms of this article shall continue to comply with this section, except during ensuing periods of incarceration or confinement, until:  . . . (2) For the life of that person if that person:  . . . (E) has been convicted . . . of a qualifying offense as referred to in this article, involving a minor."

the Petitioner was released from jail after serving his ninety-day sentence and registered as a sex offender.

On September 10, 2007, the Petitioner was charged in the Circuit Court of Lewis County with four counts of failing to provide a change in his sex offender registration information in accordance with West Virginia Code § 15-12-8[6] of the Act. The charges consisted of failing to provide changes in sex offender registry information including two changes in cell phone numbers, a change in address, and a change in motor vehicle registration. The Petitioner pled guilty to one felony count in the indictment on February 8, 2008, and the remaining counts were dismissed. The circuit court sentenced the Petitioner to an indeterminate term of one to five years, then suspended the sentence and placed the Petitioner on probation. The Petitioner did not appeal the conviction or sentence.

Subsequently, the Petitioner again was charged in Lewis County with a second felony for violating the Act by failing to provide a change in his information regarding the opening of a Yahoo account. On July 30, 2008, the Petitioner entered a guilty plea to the felony charge in the information and his previously-imposed term of probation was revoked. The circuit court ordered the Petitioner to undergo rehabilitation at the Anthony Center. On

---

[6]*See* W. Va. Code § 15-12-8 (providing for failure to register or provide notice of registration changes required by the Act and setting forth penalty for violations).

3

August 27, 2009, upon his return from the Anthony Center, the circuit court reinstated the indeterminate sentence of one to five years in prison imposed for his first felony conviction and imposed a second indeterminate sentence of one to five years in prison based upon his second felony conviction and ordered that the sentences be served consecutively. The circuit court then suspended the sentences and placed the Petitioner on probation for a period of five years. The conviction and sentence were not appealed.

The Petitioner was charged in a third felony indictment on March 6, 2012, with three counts of failure to report a change in his information in Gilmer County. These charges stemmed from his failure to timely report the creation of an online Facebook account, as well as a change in his address. On June 1, 2012, the Petitioner pled guilty in the Circuit Court of Gilmer County to one felony count and the other two counts were dismissed. By order entered August 30, 2012, the circuit court sentenced the Petitioner to a term of not less than ten nor more than twenty-five years of incarceration in the State Penitentiary.[7] The Petitioner neither appealed this conviction and sentence nor the revocation of his probation.

---

[7]Based upon the Gilmer County conviction and sentence imposed, by order entered on September 26, 2012, the Circuit Court of Lewis County revoked the Petitioner's probation on the first two felony convictions. The court imposed sentences on each conviction of one to five years, to be served consecutively with each other but concurrent with the ten to twenty-five year sentence imposed by the Circuit Court of Gilmer County. The Petitioner was given credit for 405 days previously served.

By order entered on July 6, 2015, the Circuit Court of Gilmer County, in response to the Petitioner's pro se Petition for Habeas Corpus, [8] granted the Petitioner leave to file a motion with the circuit court to reconsider the Petitioner's previously-imposed sentence of not less than ten nor more than twenty-five years in prison.[9]

---

[8]The Petitioner filed his pro se habeas petition in the Circuit Court of Gilmer County on August 5, 2014, two years after the sentence was imposed. The Petitioner argued that 1) he did not receive notice of his statutory requirement to register as a sexual offender after his first felony conviction; and 2) he had ineffective assistance of counsel, because his attorney had failed to file a motion to reduce his sentence pursuant to Rule 35(b), despite the Petitioner's request.

[9]Following an omnibus hearing on the habeas petition, wherein the circuit court had appointed the Petitioner "standby counsel at petitioner's request," the circuit court found that the Petitioner failed to prove his ineffective assistance of counsel claim.  The circuit court, nonetheless, determined

> that the petitioner is entitled to be heard on a motion to reconsider the sentence previously imposed by this Court being as though the Court may hear a motion to reconsider at any time. **Therefore, the Court does hereby grant the petitioner leave to file a written motion with this Court requesting it reconsider his sentence**.

We question the propriety of the relief afforded by the circuit court in light of the failure of the court to find any evidence to sustain the Petitioner's ineffective assistance of counsel claim, as well as the lack of authority to allow the Petitioner to file a motion to reduce a sentence pursuant to Rule 35(b) outside the 120-day time limit set forth in the rule. Rule 35(b) provides that a motion to reduce a sentence may be made

> within 120 days after  the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for  appeal  of  a  judgment  of  a  conviction  or  probation

(continued...)

5

On August 27, 2015, the Petitioner filed his "Motion for Reduction of Sentence Pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure[.]" In the motion, the Petitioner outlined the classes and programs he completed while incarcerated; indicated he enrolled in a facilities maintenance trade class; had a janitor job on the housing unit he lived in; and had lost the only family support he had. The Petitioner stated in the motion that he "realizes the severity of the crime and will do his best to comply with sex offender registration in the future." The relief sought by the Petitioner was "for a reduction of his sentence to either a (10) Ten Year flat o[r] a (12) Twelve year flat."

The circuit court, based upon the reasons it relied upon at the time of the

_____

[9](...continued)
        revocation.

*Id.*; *see Barritt v. Painter*, 215 W. Va. 120, 122, 595 S.E.2d 62, 64 (2004) (providing that "[t]he explicit language of Rule 35(b) indicates that the motion must be filed within 120 days from the time (1) the sentence is imposed or probation is revoked, (2) a mandate is entered by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation, or (3) an order is entered by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation. Those three precise instances are the only triggers specified in the rule . . . ."). The relief afforded the Petitioner by the circuit court, therefore, was outside the 120-day time limitation set forth in the rule.

Based on the appendix record before the Court, however, the Respondent did not object to the filing of the Rule 35(b) motion by the Petitioner before the circuit court and only mentioned the untimeliness of the motion filed below in a footnote in the supplemental brief filed in the case. Consequently, we decline to address any error regarding the late filing of the motion.

Petitioner's sentencing, denied the Petitioner's motion by order entered on September 14, 2015. This appeal followed.

## II. Standard of Review

We invoke the following standard of review enunciated in syllabus point one of *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), in our review of the circuit court's denial of the Rule 35(b) motion:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

198 W. Va. at 299, 480 S.E.2d at 508, Syl. Pt. 1. As we explained further in *Head,* "[a] motion made under Rule 35 (1996) of the West Virginia Rules of Criminal Procedure is directed to the sound discretion of the circuit court and, generally, is not reviewable absent an abuse of discretion." 198 W. Va. at 301, 480 S.E.2d at 510. It is with these standards in mind that we review the issue before us.

## III. Discussion

### A. Abuse of Discretion

The sole issue before the Court is whether the circuit court abused its discretion

7

in denying the Petitioner's motion to reduce his sentence filed pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The Petitioner argues that he was only twenty years old when he committed the misdemeanor third degree sexual abuse, he has not committed a sexual offense since, he has a viable plan of action if released and there is no proof that he is a threat to commit a new sexual offense if probation is granted. Further, the Petitioner contends that because the sentence for the "regulatory violations" of the Act is "40 to 100 times longer than the underlying violation" it is excessive "to the point of constituting cruel and unusual punishment," and because the circuit court "had numerous lesser options," it was an abuse of discretion for the circuit court to deny the Petitioner's Rule 35(b) motion to reduce his sentence.

Conversely, the Respondent argues that a Rule 35(b) motion seeking a reduction of sentence is "essentially a plea for leniency from a presumptively valid conviction." *Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring). Moreover, the Respondent argues that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 10, *State v. Payne*, 225 W. Va. 602, 694 S.E.2d 935 (2010). Thus, the Respondent contends that the Petitioner's sentence for the third felony conviction was valid as it was within the statutory limits set forth in the Act. *See* W. Va. Code § 15-12-8. Further, because there was

8

never any argument that the lower court considered any improper or impermissible factor in determining the Petitioner's sentence, his claim that the circuit court abused its discretion in denying his motion is unsupported by the facts and law. *See Payne*, 225 W. Va. at 605, 694 S.E.2d at 938, Syl. Pt. 10.

We agree with the Respondent's arguments. The sentence imposed upon the Petitioner was within the statutory limits and the record is devoid of any evidence that the Petitioner's sentence was based upon any impermissible factor. *See id.* Essentially, the Petitioner's only real challenge is that the circuit court erred in refusing to afford him mercy. As Justice Cleckley so eloquently wrote regarding this Court's role in reviewing a Rule 35(b) motion, absent a legal error or consideration of some impermissible factor,

> [c]ircuit court judges have a right to believe that so long as they have not violated a law or acted in a nefariously discriminatory way in imposing sentences, this Court will not sift through the nooks and crannies of their decisions determined on finding that which is not there. In being true to the judicial limitations of our constitutional role, we must let "[t]he matter of commutation or melioration . . . be addressed to the chief executive," *Colvin v. Commonwealth*, 247 Ky. 480, 57 S.W.2d 487, 489 (1933), and allow "[t]he length of the prison sentence [to] rest[ ] in the sound discretion of the trial court unless partiality, prejudice, oppression, or corrupt motive is shown." *State v. Johnson*, 159 S.C. 165, 156 S.E. 353, 354 (1930).

*Head*, 198 W. Va. at 306, 480 S.E.2d at 515 (Cleckley, J., concurring). Accordingly, we find the circuit court did not abuse its discretion in failing to reduce the Petitioner's sentence.

9

## B. Constitutional Grounds

The Petitioner raised two additional assignment of errors, wherein the Petitioner, for the first time on appeal, asserted that the not less than ten nor more than twenty-five year sentence he receive for violating the requirements of the Act is unconstitutionally disproportionate as applied to him and that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment set forth in the United States Constitution and article III, section 5 of the West Virginia Constitution. The Petitioner additionally assigned as error for the first time on appeal that the requirement of lifetime registration violates the Eighth Amendment prohibition of cruel and unusual punishment as set forth in the United States Constitution and article III, section 5 of the West Virginia Constitution.

The Petitioner conceded in oral argument before this Court that these two additional assignment of errors fall within the purview of this Court's recent decision in *State v. Marcum*, No. 15-0696, 2016 WL 5957386, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. Oct. 11, 2016). In *Marcum*, the Court held in syllabus point two that "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." 2016 WL 5957386 at *1. As the Court stated in reaching this holding:

> [I]t is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence

10

imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. *See* Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W. Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

*Marcum*, 2016 WL 5957386 at *4 (footnotes omitted).

Consequently, the Petitioner's two additional assignments of error concerning alleged constitutional error are not properly before us. Applying the law enunciated by the Court in *Marcum* to the instant case, the Petitioner did not and could not have raised these arguments in the Rule 35(b) motion filed with the circuit court.

Even though we are precluded from addressing the Petitioner's constitutional claims in the context of a denial of a Rule 35(b) motion, we are mindful that this Court has not yet addressed certain constitutional challenges to the Act including whether a sentence imposed upon a particular defendant for failing to comply with the registration requirements set forth in the Act can result in a disproportionate sentence and, therefore, constitute a violation of the Eighth Amendment prohibition against cruel and unusual punishment. *See*

11

U.S. Const. amend. VIII; W. Va. Const. art. III, § 5.[10] *But see* Syl. Pts. 5 and 6, *Haislop v. Edgell*, 215 W. Va. 88, 593 S.E.2d 839 (2003) (determining that public dissemination of certain information about life registration for certain sexual offenders under the Sex Offender Registration Act did not violate the ex post facto clause of West Virginia Constitution or procedural due process protections afforded by West Virginia Constitution); Syl. Pt. 5, *Hensler v. Cross*, 210 W. Va. 530, 558 S.E.2d 330 (2001) (holding that "[t]he Sex Offender Registration Act, W. Va. Code §§ 15-12-1 to 10, is a regulatory statute which does not violate the prohibition against *ex post facto* laws."); *In re Jimmy M.W.*, No. 13-0762, 2014 WL 2404298 (W. Va. May 30, 2014) (memorandum decision) (finding that defendant failed to raise substantive due process argument and failed to prove that his equal protection rights were violated by Act); *State v. Nolte*, No. 13-0774, 2014 WL 2404323 (W. Va. May 30, 2014) (determining that West Virginia Code § 15–12–2(d)(8) is not unconstitutionally vague). These types of constitutional challenges, however, must be made by a defendant at the time the sentence is imposed in order to allow the circuit court to develop a full record and rule on the issues before appellate review can occur pursuant to a direct appeal of the

---

[10]*Cf* Syl. Pt. 6, *State v. James*, 227 W. Va. 407, 710 S.E.2d 98 (2011) (holding extended supervision statute set forth in "West Virginia Code § 62-12-26 (2009) is not facially unconstitutional on cruel and unusual punishment grounds in contravention of the Eighth Amendment to the United States Constitution or Article III, § 5 of the West Virginia Constitution."); *State v. Hargas*, 232 W. Va. 735, 743-45, 753 S.E.2d 893, 901-03 (2013) (determining in the context of extended supervision statute, West Virginia Code § 62-12-26, that post-revocation sanctions imposed upon defendants by circuit court in two separate cases, which included additional periods of incarceration, were not constitutionally disproportionate to sentences imposed in underlying convictions).

conviction and/or sentence.

## IV. Conclusion

Based upon the foregoing opinion, the decision of the circuit court is hereby affirmed.

Affirmed.