# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-1131** (Monongalia County 17-F-330)

**Daren B.,**
**Defendant Below, Petitioner**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Daren B., by counsel Kristen D. Antolini, appeals the Circuit Court of Monongalia County's November 21, 2018, order denying his motion for a reduction of his sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State of West Virginia, by counsel Holly M. Flanigan, filed a response. Petitioner filed a reply. On appeal, petitioner, who was convicted of third-degree sexual assault, argues that the circuit court abused its discretion in denying his request for contact with his victim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2017, the State filed a criminal information against petitioner charging him with one count of third-degree sexual assault and one count of distribution and exhibiting of material depicting minors engaged in sexually explicit conduct. That same month, the circuit court held a plea hearing wherein petitioner pled guilty to both charges, and the State agreed to make no recommendation as to sentencing. During that hearing, petitioner moved the circuit court to modify a condition of his pre-trial bond that prohibited him from contacting the victim of his third-degree sexual assault conviction, hereafter referred to as O.B. After hearing from O.B., who was present

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

in the courtroom during the plea hearing, the circuit court granted the motion and lifted the no contact order.

The circuit court held a sentencing hearing in April of 2018. Petitioner moved for alternative sentencing and provided witness testimony in support, including testimony from O.B. The State presented a presentence investigation report to the court, and two other victims gave impact statements. After imposing a sentence at the sentencing hearing, the court ordered that petitioner have no contact with any of the victims of his crimes, including O.B. Finally, the circuit court imposed twenty-five years of extended supervision, pursuant to West Virginia Code § 62-12-26. The circuit court's sentencing order was entered April 5, 2018. Petitioner did not appeal this order.

In August of 2018, petitioner filed a motion for a reduction of his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, and, in his motion, requested modification of the circuit court's order directing him to have no contact with O.B. The State filed a response, and petitioner replied. The circuit court held a hearing on petitioner's Rule 35(b) motion. Ultimately, the court denied petitioner's motion by its November 21, 2018, order. Petitioner now appeals this order.

This Court has established the following standard of review for a circuit court's ruling on Rule 35(b) motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues that the circuit court erred in ordering that he have no contact with O.B. Petitioner emphasizes that the circuit court permitted him to have contact with O.B. between the plea hearing and the sentencing hearing and that no party requested that such contact be modified thereafter.

Clearly, petitioner's challenge to the circuit court's denial of his Rule 35(b) motion is unrelated to a reduction of sentence. We have previously held that "'Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing.' Syl. Pt. 2, *State v. Marcum*, 238 W.Va. 26, 792 S.E.2d 37 (2016)." Syl. Pt. 3, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016). As Rule 35(b) only authorizes a reduction in sentence, we find that the circuit court did not err in denying petitioner's motion. Rule 35(b) does not permit the circuit court to provide any modification other than a reduction to a previously imposed sentence. Accordingly, we find petitioner is entitled to no relief.

For the foregoing reasons, the circuit court's November 21, 2018, order denying petitioner relief under Rule 35(b) is hereby affirmed.

Affirmed.

**ISSUED**: April 6, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison