IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2020 Term

_____

No. 19-0777
_____

**FILED**
**November 17, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

DAVID HIRAM WALKER, JR.,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Preston County
The Honorable Steven L. Shaffer
Case No. 17-F-42

AFFIRMED
_____

Submitted: October 28, 2020
Filed: November 17, 2020

Samuel P. Hess, Esq.                     Patrick Morrisey, Esq.
Public Defender Corporation              Attorney General
Kingwood, West Virginia                  Karen Villanueva-Matkovich, Esq.
Counsel for Petitioner                   Deputy Attorney General
                                         Charleston, West Virginia
                                         Counsel for Respondent

JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "'In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996)." Syllabus Point 1, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016).

2. "Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syl. Pt. 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)." Syllabus Point 2, *King v. West Virginia's Choice, Inc.*, 234 W. Va. 440, 766 S.E.2d 387 (2014).

3. West Virginia Code § 62-11B-9(b) (2017) permits a participant in a home incarceration program to receive credit for time served while incarcerated in his home only where the term of home incarceration was imposed as an alternative sentence to another form of incarceration.

WALKER, Justice:

Petitioner David Hiram Walker, Jr. was convicted of a single count of grand larceny by false pretenses and sentenced to one to ten years' incarceration. The Circuit Court of Preston County suspended Mr. Walker's sentence in favor of three years' probation, with the first year to be served on home confinement. After Mr. Walker's probation was revoked in June 2019, he was sentenced to the underlying one to ten years' incarceration. Soon after, Mr. Walker filed a motion to correct illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure, arguing that he should be credited for time served on home incarceration as part of his probation.

The circuit court denied Mr. Walker's motion on the basis that West Virginia Code § 62-11B-9(b) (2017) requires that defendants receive credit for time served on home incarceration only if the home incarceration is an alternative sentence to another form of incarceration, and because Mr. Walker's home incarceration was not an alternative sentence, but a condition of probation, he was not entitled to credit for time served. Because we agree with the circuit court that defendants are not entitled to credit for time served on home incarceration where the home incarceration is a condition of probation, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

David Hiram Walker, Jr. pled guilty to grand larceny by false pretenses in the Circuit Court of Preston County. On July 27, 2018, the circuit court sentenced Mr.

1

Walker to one to ten years' incarceration in a state correctional facility. The circuit court suspended the sentence and imposed a three-year period of probation with the condition that the first year be served on home confinement. The order set out several conditions of probation, but did not elaborate on the terms of the home confinement. The parties allege that the typical practice in Preston County is for the probation office to provide one form listing the rules and regulations of probation and another form setting out the terms of home confinement; apparently none of this information is included in the sentencing order.[1]

At some point during the first year of probation, Mr. Walker violated his probationary terms. At that time, the circuit court did not revoke Mr. Walker's probation but rather ordered him to be incarcerated for 60 days under West Virginia Code § 62-12-10(a)(2), which enables a court to impose a period of confinement up to sixty days for a probationer's first violation of any condition of supervision. Upon successful completion of that short incarceration, Mr. Walker was returned to probation and home confinement. When Mr. Walker again violated the terms of his probation, the circuit court revoked his probation and ordered him to serve the original one-to-ten-year sentence of incarceration. The circuit court further granted Mr. Walker credit for the sixteen days he spent incarcerated prior to trial.

---

[1] To the extent the circuit court does not, in fact, set forth the terms of home confinement by order, we remind it of its duty to do so under West Virginia Code § 62-11B-5 (2017) and this Court's precedent in *State v. McGuire*, 207 W. Va. 459, 533 S.E.2d 685 (2000).

Soon after the revocation of his probation on June 19, 2019, Mr. Walker filed a motion to correct an illegal sentence under Rule 35(a) of the West Virginia Rules of Criminal Procedure. As basis for this motion, Mr. Walker argued that (1) he should have received credit for time served during the 60-day incarceration; and (2) he should have received credit for time served on home confinement (237 days). The circuit court granted Mr. Walker's request as to the 60-day incarceration. But, as to credit for time served while on home incarceration as a condition of probation, the circuit court found under the plain language of West Virginia Code § 62-11B-9(b) (2017) that defendants receive credit for time served on home incarceration only when the defendant's home confinement was an alternative sentence to another form of incarceration. The circuit court further found that defendants are not entitled to credit for time served under this statute when the home incarceration is imposed as a condition of probation. So, the circuit court denied Mr. Walker's motion for credit for the 237 days that he spent on home incarceration as a condition of probation. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a circuit court's decision on a motion under Rule 35 of the West Virginia Rules of Criminal Procedure under this standard:

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and

3

interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).[2]

With this standard in mind, we proceed to address the arguments on appeal.

## III. DISCUSSION

Mr. Walker's single assignment of error on appeal is that the circuit court should have given him credit for the time he spent on home confinement as a condition of probation. As noted above, the circuit court determined that a plain reading of West Virginia Code § 62-11B-9(b) precluded awarding Mr. Walker credit for time served because his home incarceration was not an alternative sentence. Upon review of the relevant statutes and case law, we agree.

West Virginia Code § 62-11B-4(a) (2017) provides three possible bases under which a court may order participation in a home incarceration program: (1) as a condition of probation; (2) as a condition of bail; or (3) as an alternative sentence to another form of incarceration. It is undisputed that Mr. Walker's home incarceration program was imposed as a condition of probation. West Virginia Code § 62-11B-9 sets forth the procedures that courts must follow when a participant in a home incarceration program has violated the requirements of that program:

> (a) If, at any time during the period of home incarceration, there is reasonable cause to believe that a participant in a home incarceration program has violated the terms and

---

[2] Syl. Pt. 1, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016).

4

conditions of the circuit court's home incarceration order, he or she is subject to the procedures and penalties set forth in [§ 62-12-10].

(b) If, at any time during the period of home incarceration, there is reasonable cause to believe that a participant sentenced to home incarceration by the circuit court has violated the terms and conditions of the circuit court's order of home incarceration *and the participant's participation was imposed as an alternative sentence to another form of incarceration*, the participant is subject to the same procedures involving confinement and revocation as would a probationer charged with a violation of the order of home incarceration. Any participant under an order of home incarceration is subject to the same penalty or penalties, upon the circuit court's finding a violation of the order of home incarceration, as he or she could have received at the initial disposition hearing: *Provided*, That the participant shall receive credit towards any sentence imposed after finding a violation for the time spent in home incarceration.[3]

The circuit court reasoned that under the plain meaning of § 62-11B-9(b), a home incarceration participant would only be entitled to credit for time served while on home confinement if that home confinement were imposed as an alternative sentence to another form of incarceration. And, because Mr. Walker's participation in the home confinement program was not imposed as an alternative sentence, but as a condition of probation, Mr. Walker was not entitled to credit for time served for his time spent in home incarceration.

---

[3] W. Va. Code §§ 62-11B-9(a) and (b) (emphasis added).

Mr. Walker argues that we should read § 62-11B-9(b) in two parts: (1) the first sentence establishes that when a participant in a home incarceration program, where the home incarceration is imposed as an alternative sentence, violates the terms of the home incarceration the participant is subject to the same penalties and procedures that apply to probation violations; and (2) the second sentence establishes that *any* home incarceration program participant, even those whose home incarceration is *not* an alternative sentence, may receive credit for time served for any time spent on home incarceration. We believe Mr. Walker's suggested interpretation of the statute is not only illogical, but also contrary to its plain language.

We have held that "'[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syl. Pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968)."[4] So, we rely on the statute's plain meaning because § 62-11B-9(b) is free from ambiguity. The first sentence of § 62-11B-9(b) provides that subsection (b) applies only where "there is reasonable cause to believe that a participant sentenced to home incarceration by the circuit court has violated the terms and conditions of the court's order of home incarceration *and the participant's participation was imposed as an alternative sentence to another form of*

---

[4] Syl. Pt. 2, *King v. West Virginia's Choice, Inc.*, 234 W. Va. 440, 766 S.E.2d 387 (2014).

*incarceration*[.]"[5]  Both parties agree that this sentence is a clear limitation on the applicability of § 62-11B-9(b) to only those participants whose home incarceration was imposed as an alternative sentence.

The bone of contention arises in the second sentence.  Mr. Walker argues that the words "any participant" in that sentence apply broadly to *all* home incarceration program participants.  But, this is an illogical reading of this provision in light of the first sentence's explicit limitation of applicability of the provision to only those participants whose home incarceration is imposed as an alternative sentence.  If we were to read the second sentence as broadly as Mr. Walker suggests, we would deprive § 62-11B-9(b) of any purpose because it would just be a restatement of § 62-11B-9(a).

Specifically, if we isolate the first sentence of § 62-11B-9(b), that section would just provide that participants in a home incarceration program where the home incarceration was imposed as an alternative sentence are "subject to the same procedures involving confinement and revocation as would a probationer charged with a violation of the order of home incarceration."  That is precisely what § 62-11B-9(a) already does.  Section 62-11B-9(a) directs that where "there is reasonable cause to believe that a participant in a home incarceration program has violated the terms and conditions of the circuit court's home confinement order, he or she is subject to the penalties and procedures

---

[5] W. Va. Code § 62-11B-9(b) (emphasis added).

7

set forth in [§ 62-12-10]." There is no language limiting the applicability of subsection (a), so it applies broadly to all instances in which there is a violation of a home incarceration order, including where the home incarceration is imposed as an alternative sentence.

And, § 62-12-10 sets out the various procedures and penalties that apply to probationers for violations of the terms of their probation, including the calculation of credit for time served. More specifically, § 62-12-10(a)(3) provides that "[i]n computing the period for which the offender is to be confined [after probation is revoked], the time between his or her release on probation and his or her arrest may not be taken to be any part of the term of his or her sentence."[6] Returning to § 62-11B-9(a), if we were to apply all of the procedures and penalties provided for in § 62-12-10, no participant in a home confinement program would be entitled to credit for time served (absent actual incarceration).

Similarly, if we isolate the first sentence of § 62-11B-9(b), we would reach the same result that no home incarceration program participant, including one whose home incarceration was imposed as an alternative sentence, would be entitled to credit for time served. As such, the only thing distinguishing subsections (a) and (b) is the second sentence of § 62-11B-9(b), which provides that a "participant shall receive credit towards

---

[6] However, we are careful to point out that that language does not bar credit for time served when the probationer is actually incarcerated for purposes of a sentence under West Virginia Code § 62-12-10(a)(2) because that provision explicitly permits credit for time spent incarcerated pursuant to its terms.

any sentence imposed after a finding of violation for the time spent in home incarceration." If the Legislature had intended that *all* home incarceration program participants receive credit for time served in home incarceration, it would have included this second sentence under § 62-11B-9(a) instead of § 62-11B-9(b). This is because subsection (a) applies broadly to all forms of home incarceration, while, as stated several times above, subsection (b) is limited by its first sentence to only apply where home incarceration was imposed as an alternative sentence. We have previously stated that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there."[7] So, we conclude that West Virginia Code § 62-11B-9(b) (2017) permits a participant in a home incarceration program to receive credit for time served while incarcerated in his home only where the term of home incarceration was imposed as an alternative sentence to another form of incarceration.

Because there are no disputes as to the underlying facts in this matter, it is clear that Mr. Walker was not entitled to credit for time served while on home incarceration, because that home incarceration was imposed as a condition of probation rather than as an alternative sentence to another form of incarceration. So, the circuit court did not abuse its discretion in denying Mr. Walker's Rule 35(a) motion to correct an illegal sentence and we affirm.

---

[7] *King*, 234 W. Va. at 444, 766 S.E.2d at 391.

## IV. CONCLUSION

Based on the foregoing, we affirm the Circuit Court of Preston County's August 21, 2019 Order Denying Defendant's Rule 35(a) Motion to Correct Illegal Sentence.

Affirmed.