**FILED**
**April 14, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0182** (Randolph County 19-F-81)

**Thelma Lou Asbury,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Thelma Lou Asbury, by counsel Phillip S. Isner, appeals the February 8, 2021, order of the Circuit Court of Randolph County denying her Rule 35(b) motion for a reduction of sentence. The State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

As petitioner presents a narrow argument on appeal, this decision requires only a brief statement of facts. Petitioner was indicted on three felony crimes and one misdemeanor crime in June of 2019. In September of 2019, a jury convicted petitioner of one count of child neglect resulting in serious bodily injury, found petitioner not guilty of two other counts, and failed to reach a verdict regarding the misdemeanor charge. The circuit court held a sentencing hearing on August 18, 2020, and sentenced petitioner to not less than one nor more than ten years of incarceration for her conviction. The circuit court entered an order on September 4, 2020, memorializing the sentence, and then entered an amended sentencing order on September 28, 2020.

Petitioner filed a motion for a reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure ("Rule 35(b) motion") on January 27, 2021. In response, the

1

State argued that petitioner's motion was filed 162 days after the sentencing hearing, which was in excess of the 120-day time limit set forth in Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State asserted that the circuit court did not have jurisdiction to rule upon the merits of petitioner's motion because the motion was not timely filed. The court agreed and concluded that petitioner's motion was filed 162 days after her sentence was imposed in excess of the 120-day time limit set forth in Rule 35(b). The court found that petitioner's motion was not timely filed and denied the motion by an order entered on February 8, 2021. Petitioner now appeals that order.

The Court has set forth the following standard of review in cases such as this:

> "'In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996)." Syllabus Point 1, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016).

Syl. Pt. 1, *State v. Walker*, 244 W. Va. 61, 851 S.E.2d 507 (2020).

On appeal, petitioner argues that the circuit court erred in finding that her Rule 35(b) motion was not timely filed. She asserts that the court improperly considered the date of her sentencing hearing (August 18, 2020) as the beginning of the 120-day time limitation as set forth in Rule 35(b). She contends that the 120-day time limitation began running upon the entry of the circuit court's order memorializing its sentence (September 28, 2020). According to petitioner, Rule 35(b) is unclear when the time limit should begin and there is no applicable authority to clarify the ambiguity.

In this case, it is unnecessary to address this alleged ambiguity in Rule 35(b) of the West Virginia Rules of Criminal Procedure because petitioner was beyond the 120-day time limitation even if the date of the sentencing order was used. Rule 35(b) provides, in relevant part, that "[a] motion to reduce a sentence may be made . . . within *120 days after the sentence is imposed*." (Emphasis added). "In computing any period of time, the day of the act or event from which the designated period of time begins to run shall not be included." W. Va. R. Crim. P. 45(a). The circuit court's amended sentencing order was entered on September 28, 2020. Thus, the first day counted in the time computation is September 29, 2020. Therefore, the 120 days expired on January 26, 2021, which is one day *before* petitioner filed her Rule 35(b) motion. Thus, even assuming that the time limitation begins to run from the circuit court's most recently entered order, petitioner's motion was filed one day beyond the 120-day time limitation set forth in Rule 35(b). The circuit court properly found that petitioner's motion was not timely filed and that it did not have jurisdiction to rule on the merits of her motion. *See* Syl. Pt. 2, *State ex rel. State v. Sims*, 239 W. Va. 764, 806 S.E.2d 420 (2017) ("A circuit court does not have jurisdiction to rule upon the merits of a motion for reduction of a sentence under Rule 35(b) of the West Virginia Rules of

Criminal Procedure when the motion is filed outside the 120-day filing period set out under that rule."). Accordingly, we find petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the circuit court's February 8, 2021, order.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

3