IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2024 Term

_____

No. 22-685
_____

**FILED**

**April 17, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

v.

KRISTEN NICOLE WETZEL,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Barbour County
Honorable Shawn D. Nines, Judge
Criminal Action No. 20-F-48

AFFIRMED
_____

Submitted:  February 21, 2024
Filed:  April 17, 2024

Morris C. Davis, Esq.
The Nestor Law Office
Elkins, West Virginia
Attorney for Petitioner

Patrick Morrisey, Esq.
Attorney General
Frankie Dame, Esq.
Assistant Solicitor General
Ronald T. Goudy, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

# SYLLABUS

"'"In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).' Syllabus Point 1, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016)." Syl. Pt. 1, *State v. Walker*, 244 W. Va. 61, 851 S.E.2d 507 (2020).

**HUTCHISON, Justice:**

The petitioner and defendant below, Kirsten Nicole Wetzel, appeals a July 15, 2022, order, entered by the Circuit Court of Barbour County denying her motion to correct her sentence for her conviction of unlawful taking of a vehicle, also known as "joyriding," pursuant to West Virginia Code § 17-8-4(a) (1999).[1] The petitioner sought an order from the circuit court declaring that she is entitled to good time credit[2] while serving the portion of her sentence requiring 240 hours of actual incarceration. In this appeal, the petitioner argues that the circuit court erred in finding that its sentencing order does not prevent her from receiving good time credit. Having considered the parties' briefs and oral arguments, the submitted appendix record, and the pertinent authorities, we find no error and, therefore, affirm the circuit court's order.

## I. Facts and Procedural Background

On November 5, 2020, the petitioner was indicted by a Barbour County grand jury on one felony count of burglary[3] and one misdemeanor count of joyriding.

---

[1] West Virginia Code § 17A-8-4(a) provides, in pertinent part: "Any person who drives a vehicle, not his or her own, without consent of the owner thereof, and with intent temporarily to deprive said owner of his or her possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor."

[2] *See State ex rel. Valentine v. Watkins*, 208 W. Va. 26, 32, 537 S.E.2d 647, 653 (2000) (explaining "'good time' credit contemplates a reduction of or 'commutation from . . . sentence[ ] for good conduct'" (additional citation omitted)).

[3] *See* W. Va. Code § 61-3-11(a) (2018) ("Any person who breaks and enters, or enters without breaking, a dwelling house or outbuilding adjoining a dwelling with the

1

Subsequently, she reached a plea agreement with the State whereby she agreed to plead guilty to the joyriding charge in exchange for dismissal of the burglary count and dismissal of a pending misdemeanor charge against her then boyfriend, now husband, arising out of the same incident. In addition to dismissal of the other charges, the State agreed to recommend a sentence of six months of incarceration with the petitioner only serving ten days of actual confinement and the remainder of the sentence suspended in favor of probation.

The petitioner appeared before the circuit court on July 30, 2021, and entered a guilty plea to joyriding in accordance with the plea agreement. After accepting the plea, the circuit court proceeded to sentencing[4] and adopted the State's recommended sentence. Accordingly, the sentencing order entered on August 19, 2021, provided:

> Based upon the testimony and proffer of the parties, the Court thereupon ORDERED the Defendant SENTENCED to the West Virginia State Regional Jail for six (6) months. The Court ORDERED that the Defendant shall serve ten (10) days of actual incarceration and the remaining sentence shall be suspended and the Defendant placed on unsupervised probation for one year. The Defendant can serve the ten days in jail on weekends, but the ten days in jail shall be served within six months from entry of this order.

---

intent to commit a violation of the criminal laws of this state is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for not less than one nor more than 15 years.").

[4] The petitioner waived her right to a presentence investigation and report.

Thereafter, the circuit court amended the certified commitment order that was sent to the West Virginia Division of Corrections and Rehabilitation by changing the term of incarceration from ten days to 240 hours in actual incarceration.

On January 28, 2022, the petitioner filed a motion pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, seeking correction of her sentence.[5] She asserted:

> After further discussion with officials at the Tygart's Valley Regional Jail, it was related to counsel that Defendant is being denied her good time because of the language contained within the sentencing order. Specifically, the Defendant is being denied her good time credit because the commitment order states that she must do a period of "actual incarceration," for a period of "240 hours," instead of ten days. The Defendant seeks amendment of these terms to "ten days of incarceration" so that she might receive credit for her good time.

The circuit court held a hearing on the petitioner's motion on March 9, 2022.

By order entered July 15, 2022, the circuit court denied the petitioner's motion to correct her sentence. The order indicates that at the March 9, 2022, hearing,

> [t]he Defendant called Major Brian Clouser, Chief Correctional Officer, as representative of the West Virginia Department of Corrections and Rehabilitation . . . Major Brian Clouser testified that the Defendant has served a total of one-hundred twenty hours (120) hours at the regional jail with "no

---

[5] Rule 35(a) provides: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time period provided herein for the reduction of sentence."

good time" credit. Major Brian Clouser testified that the Defendant was not entitled to "good time" because the commitment order stated that she is to serve two hundred and forty hours of actual incarceration of her six-month sentence. The Defendant was not a model inmate while at the regional jail but did not have any violations that would prohibit her from receiving good time if she was entitled to it. Upon questioning by the Court, Major Brian Clouser testified that if an inmate entered the regional jail at 11:00 p.m. and left at 11:00 a.m. the next day, the inmate would be credited with serving two days even though the inmate only served twelve hours because the inmate was technically incarcerated on two different days.

In denying the petitioner's motion, the circuit court explained:

> The Defendant's original Sentencing Order required the Defendant to serve ten (10) days of actual incarceration. The Court changed that order because the Court had allowed the Defendant to serve her sentence as she saw fit in time frames no less than twelve hours and over the course of six months. A situation could arise where a Defendant could enter the regional jail at 11:00 p.m. and leave at 11:00 a.m. the next day and receive credit for serving two days, when in fact the Defendant served only half a day. For this reason, the Court modified the order from serving ten days actual incarceration to two-hundred forty hours of actual incarceration.

The circuit court then found:

> The issue of good time, awarding, denying, or calculating it, has historically been in the discretion of the West Virginia Division of Corrections and Rehabilitation. Any defendant can file a civil action against the West Virginia Division of Corrections and Rehabilitation if that defendant believes they are being denied "good time" or being unlawfully confined. The issue at bar is much more akin to a habeas proceeding based on the conditions of confinement, wherein the proper parties are the warden and the defendant and the proper venue is the location of incarceration.
>
> . . . .

The Court is not prohibiting the Defendant from receiving "good time" nor is it directing the West Virginia Division of Corrections and Rehabilitation to deny her "good time." Likewise, it is not ordering the Division of Corrections and Rehabilitation to grant Defendant good time; rather the Court defers to the West Virginia Division of Corrections and Rehabilitation on whether it determines Defendant is entitled to "good time" under the laws of West Virginia.

If the Defendant believes she should be receiving credit for "good time," then the Defendant should file a civil action against the West Virginia Division of Corrections and Rehabilitation.

Finally, the order indicates that the petitioner was given three months to "review her legal options." Upon expiration of those three months and no notice from the petitioner that she had filed any action against the West Virginia Division of Corrections and Rehabilitation, the circuit court entered its order denying her motion to correct her sentence. This appeal followed.

## II.  Standard of Review

Our standard of review for an appeal of an order denying a Rule 35 motion is well established. As set forth in syllabus point one of *State v. Walker*, 244 W. Va. 61, 851 S.E.2d 507 (2020),

"'[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.' Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d

5

507 (1996)." Syllabus Point 1, *State v. Collins*, 238 W. Va. 123, 792 S.E.2d 622 (2016).

### III. Discussion

In this appeal, the petitioner contends that her sentence for her joyriding conviction is illegal or, alternatively, has been imposed in an illegal manner because requiring her to serve a period of "240 hours of actual confinement" has resulted in her being denied good time credit. She argues that the circuit court cannot deny her good time credit because it "is a right created by the Legislature" as this Court recognized in syllabus point eight of *Woodring v. Whyte*, 161 W. Va. 262, 242 S.E.2d 238 (1978). She maintains that the uncontroverted testimony given by Major Clouser at the hearing on her Rule 35(a) motion clearly established that she has not received good time credit because of the language used in the sentencing order. Thus, the petitioner reasons that the circuit court had a duty to correct her sentence under Rule 35(a) and abused its discretion when it found that its sentencing order does not prohibit her from receiving good time credit.

Pursuant to the statute criminalizing joyriding, "[a]ny person violating the provisions of this section is, for the first offense, guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than five hundred dollars, or confined in the county or regional jail not more than six months, or both[.]" W. Va. Code § 17A-8-4(b). As set forth above, the circuit court imposed the six-month sentence provided by the statute upon the petitioner, and then immediately suspended all but 240 hours of that sentence and

6

placed her on probation. West Virginia Code § 62-12-1 (1975)[6] authorizes circuit courts to place any person convicted of a crime on probation and West Virginia Code § 62-12-9 (2013)[7] permits circuit courts to impose a period of confinement as a condition of probation. In that regard, West Virginia Code § 62-12-9(b) provides:

> [T]he court may impose, subject to modification at any time, any other conditions [of probation] which it may determine advisable, including but not limited to . . .
>
> . . . .
>
> (4) That the probationer, in the discretion of the court, is required to serve a period of confinement in jail of the county in which he or she was convicted for a period not to exceed one third of the minimum sentence established by law or one third of the least possible period of confinement in an indeterminate sentence, but in no case may the period of confinement exceed six consecutive months. The court may sentence the defendant within the six-month period to intermittent periods of confinement including, but not limited to, weekends or holidays and may grant to the defendant intermittent periods of release in order that he or she may work at his or her employment or for other reasons or purposes as the court may determine appropriate: Provided, That the provisions of article eleven-a of this chapter do not apply to intermittent periods of confinement and release except to the extent directed by the court. If a period of confinement is required as a condition of probation, the court shall make special findings that other conditions of probation are inadequate and that a period of confinement is necessary.

---

[6] West Virginia Code § 62-12-1 provides: "Any circuit court of this State shall have authority as provided in this article to place on probation any person convicted of a crime."

[7] West Virginia Code § 62-12-9 was amended in 2023. Although only stylistic changes were made to the provision relevant in this appeal, we cite to the 2013 version because it was in effect at the time of the petitioner's sentencing.

7

Interpreting this provision, this Court has held:

> The legislative intent reflected in the provisions of West Virginia Code § 62-12-9(b)(4) (1994) (Repl. Vol. 2000)[8] is to establish a six-month limit for the period of incarceration which may be imposed as a condition of probation. When a minimum or indeterminate sentence is involved, then the maximum term of incarceration as a condition of probation is one-third of the express minimum or indeterminate sentence or six months, whichever is less; for all other types of statutory penalties, the maximum term of incarceration as a condition of probation is six months.

Syl. Pt. 4, *State v. McClain*, 211 W. Va. 61, 561 S.E.2d 783 (2002) (footnote added).


Upon review, we find no merit to the petitioner's claim that the circuit court imposed an illegal sentence. The petitioner's sentence of six months in the regional jail for her conviction clearly falls within the limitations set forth in West Virginia Code § 17A-8-4(b). Likewise, the suspension of the petitioner's sentence in favor of probation with the condition that she serve 240 hours of actual confinement in jail complies with West Virginia Code §§ 62-12-1 and 62-12-9(b)(4) as well as this Court's holding in syllabus point four of *McClain*. Because the petitioner's sentence is within the statutory limits, it is a legal sentence.

---

[8] The language at issue has remained unchanged despite the subsequent amendments to the statute. *See supra* note 7.

8

As for the petitioner's argument that the circuit court imposed her sentence in an illegal manner[9] by requiring her to serve her period of confinement in terms of hours and not days, she has not provided any authority to support her contention and we are unaware of any restriction in that regard. Indeed, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982); *see also* Syl. Pt. 1*, in part, State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997) ("The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."). Accordingly, there is no merit to the petitioner's argument that her sentence was imposed in an illegal manner.

While the petitioner maintains that she is entitled to good time credit while serving her period of confinement, we agree with the circuit court that the issue falls within the discretion of the West Virginia Division of Corrections and Rehabilitation. As this Court has observed, "The provisions of West Virginia Code § 28-5-27 (1992) [now West Virginia Code § 15A-4-17 (2021)] solely govern the accumulation of 'good time' for inmates sentenced to the West Virginia State Penitentiary." Syl. Pt. 3, *State v. Jarvis*, 199 W. Va. 635, 487 S.E.2d 293 (1997). That statute provides that the calculation of good time

---

[9] In considering the petitioner's argument that her sentence was imposed in an illegal manner, we assume without deciding that she could satisfy the time limitation placed upon such a claim under Rule 35(a).

credit and the rules and policies related thereto are delegated to the Commissioner of the Division of Corrections and Rehabilitation. *See* W. Va. Code § 15A-4-17. As such, there is no basis to grant the petitioner any relief under Rule 35(a) of the West Virginia Rules of Criminal Procedure.

## IV.  Conclusion

Accordingly, for the reasons set forth above, the July 15, 2022, order of the Circuit Court of Barbour County is affirmed.

Affirmed.